CIACCIO, Judge.
By unanimous vote, a twelve-member jury found defendant guilty of having violated La.R.S. 14:89.1, Aggravated Crime *1115 Against Nature. Defendant appeals on the basis of five assignments of error. Finding no merit to these assignments, and finding no errors upon inspection of the pleadings and proceedings, we affirm.
By his first assignment of error defendant complains that “the test for competency as a witness was inconclusive before swearing in the victim.” At the time of the crime the victim was nine years old. When she testified at trial, her eleventh birthday was four days away.
La.R.S. 15:469 provides:
Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness.
At trial defendant did not object concerning the victim’s competency as a witness. Nevertheless, the trial judge satisfied himself concerning the victim’s competency by discussing with her, prior to swearing her as a witness, the nature of the act of testifying and her obligation to tell the truth. During his examination of the victim the prosecutor questioned her regarding her understanding of truth and falsity and the necessity that she tell the truth. During the trial no one voiced even the slightest concern over the victim’s competency as a witness. Our review of her testimony has raised no question concerning her competency.
The trial judge did not err in the manner by which he satisfied himself of the victim’s competency as a witness. Defendant did not object to the trial judge’s finding of competency, and has not provided any reason for this court to question that finding. This assignment of error has no merit.
By his second assignment of error defendant challenges the sufficiency of the evidence. At the time of the crime defendant was married to the victim’s mother. He is not the victim’s father. The victim testified that one evening when her mother had gone to play bingo, defendant, who had remained home to care for the children, awakened her from her bed and requested that she join him in his bedroom to watch television. Once in his bedroom, defendant turned off the lights and told the victim that he was going to hypnotize her. He then told the victim to kneel on the floor beside the bed, to close her eyes and open her mouth; he was going to have her do something “nasty” that her mother sometimes did for him. The victim protested that it better not be a “french kiss.” Defendant placed his penis in the victim’s mouth. He moved his penis in and out of the victim’s mouth while also stroking it with his hand for what the victim says was ten to fifteen minutes during which time his originally flacid penis achieved an erection. The victim said that defendant did not ejaculate, but that when he removed his penis from her mouth he wiped it on the bed covers. Several minutes later she says that she began to choke because he had tried to shove his penis down her throat.
Using her limited vocabulary the victim testified to the above-recounted events. She went on to say that the defendant told her not to tell her mother and then gave her some money. She testified that when this incident occurred she was nine years old. Other testimony established that at that time defendant was a man in his mid-twenties.
Shortly after this incident the victim’s mother and defendant separated, although not because of this incident as the victim had not yet revealed it to her mother. The mother took the children and went to Tennessee. During this trip the victim revealed the incident first to her older sister and then to her mother. When they returned some months later, the victim’s mother contacted the local authorities.
Defendant testified denying the incident occurred and claiming that it was a story concocted by the mother and her boyfriend to prevent defendant from seeking custody of his two children born of his marriage to the victim’s mother. He also presented the *1116 testimony of his brother, his sister, and a friend of his sister, that the victim had stated that the story was a lie which she told at the request of her mother and her mother’s boyfriend. The sister’s friend said, however, that the victim stated only that she did not want to testify, not that the story was untrue.
The defense also attempted to establish the existence of a continuing, relatively close relationship between the defendant and the victim, and the victim’s mother, and the other children.
The jury heard all of this evidence. Obviously, the jury was called upon to evaluate the credibility of the various witnesses. From the verdict of guilty as charged it is clear that the jury believed the victim.
On appeal in criminal cases appellate courts do not review facts. Appellate courts do, however, consider the sufficiency of the evidence as a question of law. Applying the appropriate standard for appellate review of the sufficiency of the evidence, we find that viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found every essential element of the crime of aggravated crime against nature to have been proved beyond a reasonable doubt. We hold, therefore, that the evidence is sufficient to sustain defendant’s conviction.
To support his assignments of errors numbers 3 and 4 defendant argues that “the court erred in failing to allow defense counsel to impeach the testimony of [the victim’s mother].” At trial defense counsel questioned defendant’s brother as to whether defendant and the victim’s mother had lived together during any time after defendant’s arrest on these charges. Defendant’s brother answered, “Oh, yes.” The prosecutor objected, questioning the relevancy of this information. Defense counsel responded:
Your Honor, the purpose of the testimony is to show that the party, the defendant and the mother of the child have had contact, have been in association with each other after the alleged date to show that the mother has in effect, has been a dominant force in this entire matter.
The judge sustained the prosecutor’s objection, after which defense counsel asked no more questions of the witness.
Initially we note that the question to which the prosecutor objected was answered by the witness. Regardless of the court’s ruling, therefore, defendant had already elicited the information sought. Defense counsel took exception to the court’s ruling, but he asked no more questions of the witness. Since the only question asked was answered, there remains nothing for this court to review. Defendant asked no questions which remained unanswered. Further, additional information along the line of questioning concerning the post-arrest relationship between defendant and the victim’s mother was elicited from defendant when he testified.
Additionally, defense counsel’s argument for the information’s admissibility in the trial court was not founded upon impeachment as is the argument made to this court. As can be seen from counsel’s argument quoted above, he argued that the information was relevant to establish the victim’s mother’s dominance over the situation and the parties involved. The trial judge did not find this information relevant, and his ruling is entitled to great weight. Absent a clear abuse of discretion, the trial court’s ruling as to the relevancy of evidence should not be disturbed on appeal. State v. Whittaker, 463 So.2d 1270 (La.1985). When ruling upon the relevance of evidence the trial judge considers everything he knows about the case as illuminated by counsel’s arguments concerning the relevance of the evidence. The standard of relevance in Louisiana is based on logic and experience, State v. Davenport, 445 So.2d 1190 (La.1984), in applying the definition of relevant evidence provided in La.R.S. 15:441. We do not find that the trial judge’s ruling manifested a clear abuse of discretion.
By his final assignment of error defendant complains that the trial court erred by limiting defense counsel’s cross-examina *1117 tion of the victim when she was recalled on rebuttal. During the presentation of his defense defendant presented testimony that after his arrest the victim had spent a weekend at his family’s home where he was living at that time. In rebuttal, the prosecutor questioned the victim only as to whether she had ever stayed at the defendant’s family’s home following his arrest. In cross-examination, defense counsel began to question the victim concerning a statement she had given a sheriff’s deputy at the time these charges were first reported to the authorities. The subject matter of these questions about the statement did not concern whether the victim had spent any time with, the defendant or his family following defendant’s arrest. The questions concerned whether the statement given to the deputy contained all of the details surrounding the crime that the victim had provided in her testimony during the prosecution’s case in chief.
The prosecutor objected to the questions as being beyond the scope of rebuttal. The trial judge agreed, commenting that “we cannot go back into the case in chief,” and he sustained the prosecutor’s objection. Defense counsel had already cross-examined the victim on whether she or her brother had ever gone to defendant’s home post-arrest. Counsel also questioned her regarding whether her mother had told her to tell this story about defendant. After the judge sustained the prosecutor’s objection, defense counsel asked no further questions.
The general rule is that when a witness has been sworn and testified to any single fact in his examination in chief, he may be cross-examined on the whole case. La.R.S. 15:280. That is, the scope of cross-examination is not limited to matters referred to on direct examination. State v. Garrison, 400 So.2d 874 (La.1981). The scope and extent of cross-examination, however, rests largely within the discretion of the trial judge and his rulings will not be disturbed in the absence of an abuse of discretion. State v. Garrison, supra.
The trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross. La.R.S. 15:275. In this case defendant fully cross-examined the victim following her direct testimony during the prosecution’s case in chief. Any further cross-examination during rebuttal beyond those issues raised by the victim’s direct rebuttal testimony was unnecessary. Overall, defendant was not limited in his cross-examination of the victim. Only as a function of when he would allow certain examination did the trial judge exercise his discretion and curtail defendant’s cross-examination during rebuttal, confining the examination to issues raised in rebuttal. We find no abuse of discretion.
For the reasons assigned, we affirm defendant’s conviction and sentence.
AFFIRMED.