526 So.2d 499 (1988)
STATE of Louisiana
v.
Frank J. ANDERSON, Jr.
No. KA 87 1494.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
Rehearing Denied June 24, 1988.
*500 William R. Campbell, Jr., New Orleans, for State.
Walter Reed, Dist. Atty., Covington, for appellee.
James H. Looney, Office of Indigent Defender, Covington, for appellant.
Before COVINGTON, SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Frank J. Anderson, Jr. was charged by bill of information with sexual battery, a violation of La.R.S. 14:43.1. He was tried by a jury, which returned the responsive verdict of guilty of attempted sexual battery. The trial court imposed a sentence of two years at hard labor. Defendant appealed, urging five assignments of error, as follows:
1. The court erred by qualifying a four year old child as a witness.
2. The court erred by allowing hearsay to be admitted into evidence.
3. The court erred by making prejudicial remarks in the hearing of the jury.
4. The evidence was insufficient.
5. The court imposed an excessive sentence.

FACTS
Defendant was charged with the sexual battery of a female girl, four years old at the time of the incident. The child was a babysitting client of his sister, Lisa Anderson. The parents of the victim were divorced, and the children stayed with their mother; however, their father enjoyed extensive visitation rights and maintained a close relationship with the girls. Ms. Anderson cared for the victim, her twin sister, and a brother in their home while the children's mother attended school. The state alleged that the incident occurred at the apartment Ms. Anderson shared with defendant.
The victim and her father were the only two state witnesses. The victim's father testified that he became suspicious when his daughter told him that, "Mr. Frankie has one of those," after she saw her father in loose fitting clothes that partially revealed his penis. She later told him that the defendant had shown her his penis. The victim's father further testified that he felt unqualified to deal with the suspected sexual abuse and changed the subject to prevent a discussion until his daughter could speak to someone with training in the area.
*501 The original statement was made on a Saturday; and, on the following Monday or Tuesday, the victim's father reported the incident to the Slidell Police Department. The victim then spoke to a female officer, relating the details of the offense to the officer in her father's presence. At trial, over defendant's objection, her father testified the victim told them that defendant brought her into Lisa Anderson's bedroom, pulled her panties down, "placed his private on her private, and peed on the carpet." The victim also testified at trial and confirmed the statement she had previously given to the police officer.
Defendant testified on his own behalf. He denied the contact and claimed that he had never been alone with the children. Defendant also presented the testimony of other members of his family and his sister's housekeeper to establish that he was never alone with the children and, therefore, the incident could not have occurred.

COMPETENCY OF THE VICTIM
By assignment of error number one, defendant claims the trial court erred by finding the victim, who was five years old at the time of trial, was competent to testify. He contends the examination conducted by the court was not sufficient to determine the victim's competency because the court's questions required only that she nod her head affirmatively in order to respond and the victim was not required to speak.
La.R.S. 15:469 provides for the determination of the competency of a witness, as follows:
Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness.
Initially, we note that defendant failed to object to the court's determination of the victim's competency and, thus, waived his right to contest that ruling. Defendant acknowledges his failure to lodge a contemporaneous objection but argues his complaint should be considered despite his failure to comply with La.C.Cr. P. art. 841 because the claimed error involves the court's breach of a clear affirmative duty affecting the heart of the fact finding process. This argument is not persuasive. In any event, La.R.S. 15:469 provides that the objection is waived unless raised by one of the parties. Thus possible exceptions to the contemporaneous objection rule are not applicable to this case. See also, State v. Alphonso, 496 So.2d 1113, 1115 (La.App. 4th Cir.1986).
In any event, this assignment of error has no merit. The determination by the trial judge that a child witness is competent to testify is based not only upon the child's answers to questions testing his understanding but also on the child's overall demeanor on the witness stand. State v. Humphrey, 412 So.2d 507, 516 (La.1981). For that reason, the court is vested with wide discretion in determining competency; and, on appeal, the court's ruling is entitled to great weight. State v. Noble, 342 So.2d 170 (La.1977). A ruling by the trial judge that a witness is competent to testify will not be disturbed in the absence of manifest error. State v. Arnaud, 412 So.2d 1013 (La.1982).
The record reflects that the trial judge examined the child in compliance with the statutory requirement. The victim's responses affirmed that she knew the difference between telling the truth and telling a lie. She also indicated that she knew it was important for her to tell the truth about the events she remembered and promised to tell the truth.
Defendant does not contend that the victim's responses to the court examination indicated the witness was not competent. Rather, defendant complains that the court's questions were leading and were not capable of providing enough information for the ruling. However, the court's ruling was not based entirely on the responses made by the witness during the predicate examination but included its observations of the victim's conduct on the *502 stand. Although the court did not require the witness to respond verbally, the child's answers demonstrated her awareness of the importance of the proceedings and the necessity that she tell the truth. Moreover, defense counsel did not attempt to cross examine the victim to demonstrate that the victim was incompetent. See, State v. Peters, 441 So.2d 403, 408 (La.App. 4th Cir.1983). Therefore, we find no manifest error in the court's determination that the victim was competent to testify.

ADMISSION OF HEARSAY TESTIMONY
By assignment of error number two, defendant submits that the court erred by permitting the victim's father to testify about the contents of her statement to the police. He contends that this testimony was inadmissible hearsay.
Defendant admits that introduction of the initial complaint of sexual abuse is possible through an exception to the general rule prohibiting the introduction of hearsay testimony. He argues, however, that the initial complaint of the victim was made to her father; and, therefore, the content of the statement she made to an officer of the Slidell Police Department was not admissible. Most of the details of the offense were revealed through this statement.
In prosecutions for sexual offenses, the original complaint of the victim is admissible under either the res gestae doctrine or as a special exception to the hearsay rule. See, State v. Pace, 301 So.2d 323 (La.1974). The nature of the crime and the identity of the offender disclosed in the complaint is admissible testimony. Id.
Defendant's contention that the victim's statement to the police officer was not the original complaint is without merit. The original complaint of a young child is the statement made at the first reasonable opportunity under the particular facts and circumstances of the case. See, State v. Prestridge, 399 So.2d 564 (La.1981). The victim's father specifically testified that he limited his questioning of the victim after determining that she might have been abused because he felt that action was in her best interests. When she first revealed the sexual contact, the victim was not permitted to relate information other than the fact that defendant had shown her his penis. She did not reveal that defendant actually touched her until she talked to the police in her father's presence. Under the particular facts and circumstances of this case, the statement made to the police officer was the first reasonable opportunity presented to the victim to reveal the abuse. See, State v. Garay, 453 So.2d 1003 (La. App. 4th Cir.1984). Thus, that statement comprised the original complaint and was properly admitted.

PREJUDICIAL REMARKS
By assignment of error number three, defendant contends the court erred by denying his motion for a mistrial urged after the court made a prejudicial remark in the presence of the jury. He contends that the statement constituted an impermissible comment on the evidence.
The statement to which defendant objected occurred at the conclusion of the victim's testimony. The court excused her with the following remarks:
BY THE COURT:
[Victim's name], why don't you come around here. You can jump down out of your chair.
Thank you very much for coming today here. You're a sweet little girl. Bye-bye. Go with your daddy.
Defendant objected and requested that the jury be excused. Thereafter, he urged that the court grant a mistrial on the grounds that the court's remarks that "she was a sweet little girl and that she did a very good job coming here today to testify" constituted an improper comment on the evidence. The court denied the motion and advised defense counsel that it had carefully chosen the remarks to avoid saying that she was a "good little girl" because the predicate examination had focused upon the requirement that she must tell the truth in order to be a good girl. The court noted that it dismissed the victim in that way in order to prevent her from leaving *503 the courtroom with negative feelings but offered to admonish the jury to disregard the remarks. Defendant refused the court's offer.
La.C.Cr.P. art. 772 provides as follows:
The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.
The trial court's remarks do not constitute a comment upon the facts of the case, nor do they constitute an opinion as to what facts were proved or not proved by the victim's testimony. Contrary to defendant's claim, the court's remarks were not equivalent to an endorsement that the victim had been a truthful witness. The court simply told her that she had been a "sweet little girl," a term which could not be construed as a comment upon her credibility or the facts to which she testified.
Mistrial is a drastic remedy and, except in instances in which mistrial is mandatory, is warranted only when a trial error results in substantial prejudice to defendant depriving him of a reasonable expectation of a fair trial. State v. Comeaux, 514 So.2d 84 (La.1987). The trial court did not err by denying defendant's motion.

SUFFICIENCY OF THE EVIDENCE
By assignment of error number four, defendant argues that the evidence is not sufficient to support the verdict. Defendant again complains that the testimony by the victim's father in which he repeated her statement to the police officer was inadmissible. He also contends that the testimony of the victim at trial does not indicate that an attempted sexual battery occurred and, further, that the victim failed to identify him as the perpetrator.
During the trial, the victim was asked to identify "Frankie." Although she was initially unable to do so, when she was permitted to walk around the courtroom, she identified defendant as "Frankie." She testified that Frankie pulled her pants down, as well as his own, and touched her. When asked where Frankie touched her, the victim pointed to her crotch. She further testified that, after he touched her, Frankie "peed on the carpet" and then wiped the floor with a towel. She related that these events took place in "Lisa's room."
The victim was obviously confused and frightened by the courtroom proceedings, and that fact is reflected by her testimony. Some of the victim's responses were hesitant, and she occasionally appeared to contradict herself. However, her testimony relating to the essential elements of the offense, that Frankie touched her in the genital area, was very clear and graphic.
Defendant contends that the victim's testimony was elicited through leading questions. However, much of the questioning simply required the victim to offer either an affirmative or negative response. A question requiring a "yes" or "no" response is not leading unless the question further suggests to the witness the answer he is to give. See, State v. McShane, 484 So.2d 899 (La.App. 1st Cir. 1986). Moreover, an exception to the prohibition against leading questions exists when the question is directed to a young child. See, State v. Bolton, 408 So.2d 250 (La.1981).
During the trial, defendant himself testified; and he also offered the testimony of various members of his family and his sister's maid in order to establish that the victim was never left alone with him. We note that the victim did not claim that Lisa, defendant's sister who was charged with the responsibility of caring for the victim and her two siblings, was not in the apartment; the victim claimed only that she and defendant were alone in Lisa's bedroom. The jury obviously discredited defendant's claim that he did not attempt to commit the act, although the responsive verdict possibly indicates that the jurors were unsure of the specific contact.
The proper method to raise the issue of insufficient evidence is by motion for post verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
*504 The record does not reflect that defendant made such a motion. Nevertheless, a reviewing court, in spite of defendant's failure to proceed properly, must consider the evidence to determine whether or not it meets the constitutional standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), now codified in art. 821, when the issue is briefed pursuant to a formal assignment of error. State v. Bell, 442 So.2d 715 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1244 (La.1984). The standard set forth in art. 821 is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Walker, 447 So.2d 54 (La.App. 1st Cir.1984).
Sexual battery includes (but is not limited to) the intentional touching of the anus or genitals of the victim by the offender, using any instrumentality or any part of the body of the offender, when the other person is not the spouse of the offender, and where the offender either compels the victim to submit by placing the person in fear of receiving great bodily harm or where the victim has not yet attained fifteen years of age and is at least three years younger than the offender. La.R.S. 14:43.1. Defendant was convicted of attempted sexual battery. La.R.S. 14:27; La. R.S. 14:43.1.
The victim, who was four years old at the time of the offense, testified that defendant touched her crotch. Any rational trier of fact could have found that the state presented evidence supporting the verdict of attempted sexual battery. This assignment of error has no merit.

EXCESSIVE SENTENCE
By assignment of error number five, defendant contends that the trial court imposed an excessive sentence. He argues that the sentence, two years at hard labor, is excessive because he was a likely candidate for a suspended sentence and possibly would respond to mental health treatment which would be more readily available if he were not incarcerated. Defendant also complains that the trial court failed to adequately consider applicable mitigatory factors, such as the hardship that will result to his family, the fact that he did not contemplate that the conduct was likely to cause harm, and the fact that the conduct is unlikely to recur because his sister does not take care of the victim at this time.
In imposing sentence, the trial court found that defendant is in need of correctional treatment that would be most effectively given through the Department of Corrections and that a lesser sentence would deprecate the seriousness of the crime. The court noted that defendant must have known or contemplated that some psychological harm would result to the victim. The court further noted that the victim did not provoke, induce, or facilitate the crime. The court specifically noted that it had carefully reviewed the pre-sentence investigation report submitted on defendant's behalf.
The trial court had wide discretion in the imposition of sentence and a sentence within statutory limits will not be set aside unless it is found to be an abuse of that discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). When a trial judge recites some of the factors listed in La.C.Cr.P. art. 894.1, a factual basis for the sentence is present, and it is not necessary for the trial judge to enumerate each factor. State v. Jennings, 479 So.2d 639 (La.App. 1st Cir.1985).
The maximum sentence that could be imposed for this offense is five years imprisonment, with or without hard labor. The sentence imposed, two years at hard labor, does not approach that maximum and is not apparently severe. The reasons provided by the trial judge support the sentence imposed. The victim was forced to submit to indecent behavior by an adult whom she trusted. This assignment of error has no merit.
For these reasons, the conviction and sentence imposed by the trial court should be affirmed.
AFFIRMED.