546 So.2d 549 (1989)
STATE of Louisiana
v.
Darryl J. TOUPS.
No. KA 88 1295.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
*550 William R. Campbell, Jr., New Orleans, for State.
James Looney, Public Defender's Office, Covington, for Toups.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
Defendant, Darryl James Toups, was charged with committing sexual battery upon the five year old daughter of his former girlfriend. The couple shared an apartment in Slidell at the time the crime occurred. The victim reported the incident to her mother several weeks after the couple separated.
The victim, six years old at the time of the trial, related that defendant had touched her genital area and had forced her to rub her hand up and down his "private", and that defendant told her not to tell her mother what had happened.
Defendant also testified at trial. He claimed that he and the victim's mother had a stormy relationship and that the victim's mother threatened to file a false report of child abuse unless defendant returned to her. He denied that the incidents related by the child occurred.
After a trial by jury, the defendant was convicted of sexual battery and sentenced to serve eight (8) years at hard labor. Defendant has appealed, urging five assignments of error as follows:
1. The trial court erred by finding that the full initial police report had been supplied.
2. The trial court improperly restricted defendant's cross-examination.
3. The trial court improperly commented on the evidence during defendant's closing argument.
4. The evidence was insufficient.
5. The sentence is excessive.
*551 Assignment of error number one was specifically abandoned in defendant's brief.

RESTRICTION OF CROSS-EXAMINATION
In assignment of error number two, defendant submits that the trial court erred by restricting his cross-examination of the victim's mother. He sets forth four separate incidents in which he claims the court's rulings sustaining the state's objection were erroneous.
The first such instance was concerned with the victim's mother's testimony regarding whether or not the victim and her sister had been in the custody of their father since he and she separated. She testified that the children had been living with her since she divorced their father. Upon further questioning by defense counsel, the victim's mother testified that their father had the girls for approximately one month after the separation. Defense counsel then inquired if she had given the children back to him so that she could live with defendant at his mother's house, and the state objected on the grounds that the testimony was not relevant. Defendant contends that the questioning was proper impeachment of the victim's mother's credibility, because she had previously testified that she had had custody of the children "at all times" since the divorce, and, further that it exposed the bias or interest of the witness.
LSA-R.S. 15:492 provides as follows:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly [admits] such fact, any other witness may be examined to establish the same.
Initially, we note that defendant has mischaracterized the testimony of the witness. The victim's mother never testified that she had custody of the children at all times since the divorce; rather, she readily admitted that their father had had custody for approximately one month. Thus, the answer to the question could not have impeached the victim's mother's credibility because the conflict alleged by defendant does not exist. Moreover, it appears defense counsel's question was designed to impeach the victim's mother's competence as a mother, rather than her credibility as a witness. "It is not competent to impeach a witness as to collateral facts or irrelevant matter." LSA-R.S. 15:494. We find no error in the trial court's ruling.
The second incident in which defendant claims the trial court improperly restricted his crossexamination occurred when the trial court sustained the state's objections to questions designed to elicit information about the victim's mother's home life. Counsel asked defendant if she had lived with anyone other than her husband before she met defendant, and if she had lived with anyone else after defendant left. Defendant claims this information was necessary to impeach the witness's credibility and expose her bias or interest and, further, that the line of questioning was designed to explore whether or not other men were present in the home who might have committed the abuse.
We find no error in the trial court's rulings sustaining the state's objections. "In the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel." LSA-R.S. 15:275. We are unable see how information relating to other relationships of the witness might reasonably affect her credibility.
In the third instance cited by defendant, the court sustained the state's objections to questions in which defense counsel sought to explore the possibility of substance abuse by the witness in the presence of her children. Defendant claims these questions were designed to impeach the witness by revealing criminal conduct. However, we can see no connection between the alleged substance abuse and credibility in this instance. "No other investigation *552 into the character of a witness is permissible except such as affects his credibility." LSA-R.S. 15:483.
Finally, defendant complains of the trial court's ruling sustaining the state's objection to his question regarding the witness' prior convictions. Defendant asked, "Have you ever been arrested before, ma'am, convicted of anything?" We find no error in the court's ruling. Defendant was clearly not entitled to question the witness about prior arrests. See LSA-R.S. 15:495. The court did not restrict legitimate inquiry into the victim's possible criminal record because the question was too broad.
We find, therefore, that the trial court's rulings were not erroneous. This assignment of error has no merit.

COMMENT ON THE EVIDENCE
By assignment of error number three, defendant submits that the trial court erred by improperly commenting on the evidence. During closing argument defendant mentioned that the victim's mother admitted that she smoked marijuana in front of her children. The court admonished defense counsel as follows:
BY THE COURT: There is nothing in the record to indicate that, sir. Don't even argue that.
Defendant contends this remark constitutes a direct comment on the evidence in violation of LSA-C.Cr.P. art. 772. He submits this remark was particularly egregious because the victim's mother had, in fact, testified to that effect.
Initially, we note that defendant mischaracterized the victim's mother's testimony. During defendant's cross-examination of the witness, defendant asked her if she ever smoked marijuana in front of the children and if she ever gave alcoholic beverages or marijuana to the children. The court refused to permit the witness to answer the questions. Thereafter, the witness related an incident involving a physical confrontation between herself and defendant and testified that she had not pressed charges against defendant. Defendant asked the witness if she was smoking marijuana at the time; and, despite the state's objection, the witness responded affirmatively before the court sustained the state's objection. Thereafter, defense counsel asked the witness, "How many other times have you smoked marijuana in front of the children?" The state objected, and defendant responded that she had opened the door to the line of questioning by admitting that she smoked marijuana while the children were present. The court refused to permit further inquiry. Thus, although the witness admitted that she had smoked marijuana in the past, she did not admit that she had done so in the presence of her children, and defendant's characterization of her testimony as an admission to having done is not accurate.
LSA-C.Cr.P. art. 772 provides that "[t]he judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted." This rule is designed to safeguard the role of the jury as the sole judge of the facts on the issue of guilt or innocence; thus, if the effect of a question or comment is to permit a reasonable inference that it expresses or implies the judge's opinion as to the defendant's innocence or guilt or to a material issue, such comment constitutes a violation of defendant's statutory right to no comment and requires reversal. See State v. Williams, 375 So.2d 1379, 1381 (La. 1979). If, however, the court comments on an issue or evidence which does not have any relevance to a determination of the defendant's guilt or innocence, such error is not reversible. See State v. Motton, 395 So.2d 1337,1347 (La.1981); State v. Hodgeson, 305 So.2d 421, 430-431 (La.1974).
Defendant's attempt to discredit the testimony of the victim's mother is not related in any way to his guilt or innocence. Accordingly, we find no reversible error.

SUFFICIENCY OF THE EVIDENCE
By assignment of error number four, defendant submits that the evidence is not sufficient to sustain the verdict. He contends the state failed to prove that defendant touched the victim with "any instrumeentality *553 or any part of the body of the offender" because the victim, when asked what the defendant had touched her with, merely shrugged her shoulders.
For appellate purposes, the standard of review of the sufficiency of the evidence is, whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Testimony of the victim is sufficient to establish the elements of the offense. State v. Walder, 504 So.2d 991, 995 (La.App. 1st Cir.), cert. denied, 506 So.2d 1223 (La.1987). The record reflects evidence sufficient to find that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the state proved beyond a reasonable doubt that defendant was guilty of sexual battery.
This argument clearly has no merit. The victim was obviously traumatized by the courtroom experience and, as such, was unable or unwilling to answer some of the questions propounded by both the state and defense. Thus, although she testified that defendant touched her "private place," she did not identify the instrumentality with which defendant touched her. However, she clearly testified that defendant forced her to rub his "private" with her hand and graphically demonstrated the activity using a pen. Sexual battery is committed when the offender touches the victim with any instrumentality or any part of the body of the offender, or if the victim is forced to touch the anus or genitals of the offender with any instrumentality or any part of the victim's body. See LSA-R.S. 14:43.1 A.[*]

EXCESSIVE SENTENCE
By assignment of error number five, defendant submits that the trial court imposed an excessive sentence. He contends the sentence is excessive because it is near the maximum statutorily authorized, although defendant is a first felony offender. Defendant further claims that the court should have considered imposing a suspended sentence. Finally, defendant argues that the court failed to comply with the sentencing criteria of LSA-C.Cr.P. art. 894.1 by considering applicable mitigating factors.
In imposing sentence, the court noted that it had received and studied the presentence investigation report to determine the appropriate punishment. The court further noted that the report indicated defendant had pled guilty to a charge of disturbing the peace and to an aggravated assault against a police officer and, further, had been arrested for possession of marijuana and contributing to the delinquency of a juvenile, although those arrests were not considered in the determination of the penalty. The court clearly indicated that the sentence was imposed in consideration of the factors set forth in art. 894.1; however, it found that the nature of the instant offense was heinous and, in light of defendant's arrest for aggressive behavior, it did not believe defendant was a fit candidate for probation.
The trial court has wide discretion in the imposition of sentence, and a sentence within statutory limits will not be set aside in the absence of an abuse of that discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). We find no abuse of discretion herein.
AFFIRMED.
NOTES
[*] Defendant acknowledges that the victim testified that defendant forced her to touch him but claims that this testimony must be disregarded because, when she was initially asked whether or not defendant made her touch him, the victim shook her head negatively; and, under State v. Mussall, 523 So.2d 1305 (La.1988), contradictory testimony cannot be considered. We do not find such a rule endorsed in Mussall. Rather, Mussall requires that the whole record must be considered because a rational trier of fact would consider all of the evidence, and the actual trier of fact is presumed to have acted rationally until it appears otherwise. 523 at 1310. Herein, although the victim occasionally seemed to contradict herself, her testimony relating to the essential elements of the offense, that defendant forced her to rub his "private," was very clear and graphic. See State v. Anderson, 526 So.2d 499, 503 (La.App. 1st Cir. 1988), cert. denied, 537 So.2d 1160 (La.1989).