663 So.2d 336 (1995)
STATE of Louisiana, Plaintiff-Appellee
v.
Christopher J. TAYLOR, Defendant-Appellant.
No. 95-179.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
*338 J. William Pucheu and Richard W. Vidrine, Ville Platte, for the State of Louisiana.
John Larry Vidrine, Ville Platte, for Christopher J. Taylor.
Before COOKS, WOODARD and AMY, JJ.
WOODARD, Judge.
The defendant was found guilty of sexual battery and attempted indecent behavior with a juvenile and was sentenced to eight years at hard labor on the former charge and three years at hard labor on the latter charge, the sentences to run consecutively. The defendant appeals. Finding no error on the part of the trial court, we affirm.

FACTS
On February 17, 1993, the twenty-five-year-old defendant, Christopher Taylor, and his wife, Donnette Taylor, were baby-sitting the ten-year-old victim, I.A. Defendant and the victim took a bath together, and defendant allegedly rubbed the victim's penis and buttocks and performed oral sex on the victim. The victim resisted but was forced through threats to comply. Defendant threatened to stab the victim if he told anyone about the incident. The victim later told his father, who reported the incident to the police.
On April 2, 1993, defendant was charged with sexual battery, a violation of La.R.S. 14:43.1, indecent behavior with a juvenile, a violation of La.R.S. 14:81, and molestation of a juvenile, a violation of La.R.S. 14:81.2. The molestation charge was dropped before trial. He was tried on the first two counts on April 25-26, 1994, and found guilty of sexual battery and attempted indecent behavior with a juvenile. Defendant was sentenced on the first count to eight years at hard labor and on the second count to three years at hard labor, the sentences to run consecutively. He now appeals his sentence and conviction, assigning four errors.

ASSIGNMENT OF ERROR NO. 1
By his first assignment of error, defendant contends his convictions for sexual battery and for attempted indecent behavior with a juvenile constitute double jeopardy. The Fifth Amendment to the United States Constitution made applicable to the states prohibits double jeopardy. Also, Article 1, § 15 of the Louisiana Constitution provides that no person shall be placed in jeopardy for the same offenses.
Louisiana uses both the "Blockburger test" developed in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as well as the "same evidence test" to determine whether double jeopardy exists. State v. Carouthers, 607 So.2d 1018 (La.App. 3 Cir.1992), sentence vacated, 618 So.2d 880 (La.1993). In State v. Carouthers, 607 So.2d at 1028, the court quotes the rule from Blockburger, 284 U.S. at 304, 52 S.Ct. at 182, as follows:
"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."
The "same evidence test" has been adopted by the Louisiana Supreme Court and was explained in State v. Steele, 387 So.2d 1175, 1177 (La.1980), as follows:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. See State v. Doughty [379 So.2d 1088 (La.1980)], supra.
The "same evidence test" is somewhat broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.
We will analyze the offenses under both tests to determine whether defendant was subjected to double jeopardy.

*339 BLOCKBURGER TEST
As previously stated, the Blockburger test requires that each of the two statutory violations require proof of an additional fact which the other does not. Defendant was convicted of sexual battery which La.R.S. 14:43.1 defines:
A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
B. Lack of knowledge of the victim's age shall not be a defense. However, where the victim is under seventeen, normal medical treatment or normal sanitary care of an infant shall not be construed as an offense under the provisions of this Section.
Defendant was also convicted of attempted indecent behavior with a juvenile. Indecent behavior with a juvenile is defined by La.R.S. 14:81 as:
A. Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
Attempt is defined in La.R.S. 14:27 as:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

* * * * * *
C. An attempt is a separate but lesser grade of the intended crime.
The crime of sexual battery requires proof of additional facts which attempted indecent behavior with a juvenile does not. The illegal acts defined in sexual battery are more specific than those in indecent behavior with a juvenile. The former statute requires the touching of the anus or genitals of either the offender by the victim or the victim by the offender. The latter statute makes illegal any lewd or lascivious conduct, which is much broader. Further, sexual battery requires that the offender act without the consent of the victim. However, indecent behavior with a juvenile does not have consent of the victim as an element. Finally, indecent behavior with a juvenile requires proof of two essential elements that sexual battery does not, namely: (1) that the offender have the intent to arouse or gratify the sexual desires of either himself or the victim; and (2) that the offender be at least two years older than a victim under seventeen. State v. Schenck, 513 So.2d 1159 (La.1987).
We find that each of the above statutory provisions requires proof of an additional fact which the other does not. Thus, based on the Blockburger test, double jeopardy did not exist.

SAME EVIDENCE TEST
The evidence needed for conviction of sexual battery in this case would not have supported a conviction for attempted indecent behavior with a juvenile. Specifically, sexual battery requires that either the defendant acted without the consent of the victim, or that the victim is under fifteen and three years younger than the defendant. To prove this element, the evidence need only show that the victim did not consent to the defendant's actions. Testimony was presented that the victim resisted the defendant, who then threatened the victim. This is proof that the victim did not consent. While other testimony was presented at trial that the *340 victim was under the age of fifteen and the offender was more than three years older, this evidence was unnecessary to support a finding of guilt of sexual battery. The fact that the victim did not consent had been established and this fact was sufficient to satisfy this element. Thus, the evidence required to support a finding of guilt of sexual battery would not have supported conviction of indecent behavior with a juvenile, which requires evidence of age.
To establish guilt of attempted indecent behavior with a juvenile, the only proof needed is that which shows defendant had the specific intent to commit the crime and that he did an act tending directly toward the accomplishing of his object. The attempt statute does not require proof that defendant accomplished the crime. Thus, in the case sub judice, attempted indecent behavior with a juvenile could be proved through testimony that defendant bathed with the victim and rubbed his buttocks. This small amount of evidence would not have been sufficient to support a conviction for sexual battery.
Thus, under the "same evidence test," defendant's convictions for sexual battery and attempted indecent behavior with a juvenile did not subject him to double jeopardy.
We find that based on the Blockburger test, as well as the "same evidence test," defendant was not punished twice for the same course of conduct. Thus, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
By his second assignment of error, defendant contends the state improperly introduced evidence of other crimes. Defendant further argues the prosecutor used flagrant language designed to inflame the jury's prejudice by calling him a homosexual and gay during both questioning and closing arguments. Defendant was previously convicted in Dallas, Texas of indecent behavior with a juvenile. Because he testified at trial, evidence of the conviction was admissible to impeach his credibility. La.Code Evid. art. 609.1.
Regarding defendant's complaint that the prosecutor referred to him as being gay, the record reflects that when questioning his wife, the prosecutor asked her if she knew that he was gay. Defense counsel objected to the reference, asserting that it was prejudicial. The prosecution argued that it was relevant that the defendant was gay because it showed he was a "pervert." The defense and the prosecutor argued the motion out of the hearing of the jury, and defense counsel moved for a mistrial. The trial judge neither granted a mistrial nor admonished the jury. He did tell the prosecutor not to delve into the issue further.
Later in the trial, the defendant took the stand, and the prosecutor questioned him about being homosexual. Defense objected, and the judge told the jury to disregard the question. The prosecutor continued his exploration of defendant's sexual preference by intimating that he was in a relationship with another male:
Q. Before you married Donnette, weren't you engaged to somebody else?
A. No.
Q. What about Dwayne Drayton?
A. Dwayne Drayton?
Q. Yes.
A. I made a Coursillo with Dwayne Drayton. He's a male.
Q. And didn't ya'll get engaged?
A. No, we didn't.
Q. Weren't ya'll planning on getting married in February (unintelligible)?
BY MR. SALOOM:
Objection, Judge. We've gone over this.
Defendant again objected and moved for a mistrial. The court denied the motion but did tell the jury to disregard the prosecutor's questions.
In closing argument, the prosecutor again referred to defendant's sexual preference:
Is he [sic] wife, Donnette, who admitted, yeah, he was gay but I married him. Yes, he wanted to be celibate. The man didn't want to have sex after he got married. Why? Because that's not his thing. His thing is little boys.
Defendant complains that the prosecutor's references were: (1) violative of La.Code Crim.P. art. 770(2) and (2) so prejudicial that *341 they inflamed the jury. We will analyze the references under each claim.
La.Code Crim.P. art 770 states, in pertinent part, that:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Defendant claims that the above references of the prosecutor referred to another crime committed by him, specifically La.R.S. 14:89, crime against nature. La.R.S. 14:89 provides, in pertinent part, that:
A. Crime against nature is:
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime. [Emphasis Added.]
Clearly, crime against nature proscribes certain sexual acts, not the state of being gay. Thus, the prosecutor's remarks may not have referred to another crime and therefore, may not mandate a mistrial under La.Code Crim.P. art. 770(2).
However, the testimony was of questionable relevance under La.Code Evid. art. 403. The state argued it was relevant and probative in showing defendant committed the crime. The prosecutor explained what he thought the relevance to be:
BY THE COURT:
Okay. Why is it relevant?
BY MR. VIDRINE:
Because, Your Honor, the acts which form the elements of this crime are perverted acts, and she can testify that he is a pervert. He's gay. That's very relevant for the jury to determine whether or not...
The trial court agreed it was relevant. There is some relevance in the fact that defendant is homosexual. Being homosexual is relevant to show that he is interested in having sex with a male, which the victim was in this case. However, we find that the probative value of this evidence is outweighed by the prejudicial effect of telling the jury. The information was more likely to mislead and confuse the jury rather than provide them with information helpful to determining his guilt. La.Code Evid. art. 403.
Although the trial court improperly allowed into the evidence references of defendant's homosexuality, it was harmless error. In State v. Caston, 583 So.2d 42, 47 (La.App. 2 Cir.), writ denied, 585 So.2d 575 (La.1991), the court explained the harmless error test to be applied to evidence improperly admitted, by quoting State v. Bailey, 514 So.2d 741, 743 (La.App. 2 Cir.1987):
"The test for harmless error established in State v. Gibson, 391 So.2d 421 (La.1980) was adopted from Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and consists of a two prong analysis:
1) the reviewing court must ask whether there is a reasonable possibility that the error complained of might have contributed to the conviction, and
2) the court must be able to declare a belief that the error was harmless beyond a reasonable doubt.
In later cases, the Supreme Court suggested that the reviewing court ask whether overwhelming evidence to support the *342 jury's verdict remains once the erroneously admitted error is disregarded; that there is no reasonable doubt the jury would have reached the same verdict without hearing the erroneous evidence. Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). The focus is on the impact of the error." [Emphasis in Bailey.]
The record contains overwhelming evidence of the defendant's guilt to the crimes of sexual battery and attempted indecent behavior with a juvenile. The next assignment of error is a review of the evidence for sufficiency. We conclude that, based on this review, the prosecutor's remarks were harmless error.

ASSIGNMENT OF ERROR NO. 3
In his third assignment of error, the defendant contends that the finding of guilt on the part of the jury was contrary to the law and evidence presented.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983); State v. Duncan, 420 So.2d 1105 (La. 1982); State v. Moody, 393 So.2d 1212 (La. 1981). It is the role of the fact finder to weigh the respective credibility of the witness, and therefore, the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. We note the following evidence:
Allen Ivory, Basile Chief of Police, identified the defendant as the individual he arrested on the charges. He also stated he knew the victim to be I.A. and that I.A. is under fifteen.
Zelda Deshotel, a Juvenile Officer for the Basile Police Department, testified that she received a statement from the victim. In the statement, I.A. stated that the defendant touched his genitals and buttocks. However, she indicated that the statement made no mention of oral sexual activity between defendant and victim.
James Poullard, the officer who booked defendant, identified him and testified that Taylor was twenty-five when he booked him. The defense stipulated that defendant was twenty-five years old and not married to I.A. at the time of the crime and that there is more than three years age difference between the victim and defendant.
The victim testified he was eleven and attended Special Education classes. He identified the defendant. Through photographs, he identified the bathroom where the crimes occurred. At first, I.A. testified that he and defendant bathed after supper, but then stated they bathed before they ate. He stated that the defendant and he both had all their clothes off and both got into the bathtub. I.A. further stated the defendant rubbed his penis and buttocks and performed oral sex on him. I.A. testified that he told defendant no, but defendant continued to touch him. He indicated that the defendant told him he would stab I.A. if he told anyone about it. The victim further explained that when he bathed at home, he bathed by himself and did not need the help of his guardian/aunt.
The defense presented witnesses, starting with Gayle Fruge, I.A.'s aunt and legal guardian. She testified that, although she used to bathe her nephew, she no longer does so.
The defendant's wife, Donnette Taylor, testified she never felt the need to safeguard I.A. from her husband. She stated that she was told I.A.'s guardian bathed with him to help him. Donnette also stated that her husband told her that, before they were married, he was gay. She further testified that the defendant himself was molested as a child by his uncles. She admitted that, after *343 she and defendant were married in December 1992, he suggested that they have no sex. She added, though, that they have an active sex life.
The defendant denied fondling the victim's penis and performing oral sex on him. He acknowledged that he got in the bathtub with the victim on that night. Defendant insisted that he only touched I.A.'s genitalia to clean him and that he never made any sexual advances toward him. He also admitted he had a 1987 conviction for indecency with a juvenile in Dallas. He elaborated that the Dallas conviction resulted from his urinating on the side of the road and that he had not touched the juvenile. He explained that his request for celibacy after he and Donnette were married was because the marriage had yet to be blessed by the church, not because of a sexual preference. He further stated that I.A. had told him that he saw Fruge performing oral sex on another lady and that he then confronted Fruge about it, telling her he would report her to child services. He testified that Fruge became angry and told him to stay out of her life. He indicated that one week after the confrontation, he was arrested on the current charges. Finally, he acknowledged that he was molested as a child and would never put anyone through that.
Considering the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt. Thus, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
By his fourth assignment of error, defendant contends his sentence was excessive in that it constituted cruel and unusual punishment.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits, "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
Defendant was sentenced to eight years at hard labor on the sexual battery charge and three years at hard labor for attempted indecent behavior with a juvenile, the two sentences to run consecutively. The maximum sentence for the former count is ten years, with or without hard labor. The maximum sentence on the second count is three and one half years, with or without hard labor and/or a fine of twenty-five hundred dollars. In State v. Brown, 627 So.2d 192 (La.App. 3 Cir.1993), writ denied, 93-3101 (La. 3/18/94), 634 So.2d 850, the court noted that in cases involving a first time felony offender, concurrent rather than consecutive sentences should be imposed where the offender's convictions arose out of the same course of conduct. In the case sub judice, while the convictions arose out of the same course of conduct, defendant has a previous conviction for indecent behavior with a juvenile. Additionally, La.Code Crim.P. art. 883 gives the trial judge the discretion to impose consecutive sentences if he expressly directs such. The trial judge did so in this case. Further, in State v. Toups, 546 So.2d 549 (La.App. 1 Cir.1989), the court found defendant's sentence of eight years at hard labor for one count of sexual battery was not excessive. Defendant, who was a first felony offender, had touched the genital area of the six-year-old daughter of his girlfriend and had forced the child to rub her hand up and down his genitals. Finally, in State v. F.A.R., Jr., 568 So.2d 238 (La.App. 3 Cir.1990), defendant was sentenced to three and one-half years at hard labor on each of *344 five counts of attempted indecent behavior with a juvenile, three of the sentences to be served consecutively and the other two concurrent. This court found the sentences were not excessive.
Defendant's sentences are within the statutory range and do not constitute needless imposition of pain and suffering. Therefore, we find that his sentences are not excessive. Thus, this assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, defendant's conviction and sentences are affirmed.
AFFIRMED.
AMY, J., concurs in the result.