# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 03-1535

**STATE OF LOUISIANA**

**VERSUS**

**CHARLES EDWARD WHITE**

**************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NUMBER 13146-01
HONORABLE WILFORD CARTER, PRESIDING

**************

**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Oswald A. Decuir, Judges.

**AFFIRMED.**

Kendrick Guidry
Assistant District Attorney
1020 Ryan Street
Lake Charles, Louisiana 70602
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Carla S. Sigler
Assistant District Attorney
P.O. Box 3206
Lake Charles, Louisiana 70602
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Michael Ned

Public Defender's Office
900 Ryan Street
Lake Charles, Louisiana 70602
COUNSEL FOR APPELLANT:
    Charles Edward White

Edward K. Bauman
Appellate Counsel
P.O. Box 1641
Lake Charles, Louisiana 70602
(337) 491-0570
COUNSEL FOR APPELLANT:
    Charles Edward White

**COOKS, Judge.**

## STATEMENT OF THE CASE

Charles Edward White, age twenty-eight, was convicted by a jury of sexual battery in violation of La.R.S. 14:43.1. The victim was fourteen years old at the time of the incident. White was sentenced to serve four years at hard labor without benefit of probation, parole or suspension of sentence, with credit for time served. White was ordered to comply with the sex offender registration laws. White filed this appeal asserting insufficiency of the evidence and excessiveness of sentence. For the reasons assigned below, we affirm the conviction and sentence of the Defendant.

## STATEMENT OF THE FACTS

The record reflects every Sunday a group of friends, adults and children, would meet in Drew Park in Lake Charles to role-play and re-enact events from the Renaissance period. This group included close friends. The victim, L.V., was the sister of a member of the group, and White was a member of the group. On December 31, 2000, a party was planned after the event at the home of L.V.'s sister, Michelle. Because there was no room in Michelle's vehicle for L.V., White offered to drive her to the party. White and L.V. drove to his residence to make punch for the party. Once inside White's home, L.V. testified she watched television while White was on the telephone. They went into the kitchen and made spiked punch. White gave L.V. spiked punch and she drank some of it. After the punch was made, several members of the group stopped at White's home looking for Michelle. After they left, L.V. sat on the floor and watched television while White used the computer. White then sat down beside her and began fondling her breasts and vagina. He then disrobed her and raped her. Three days after the incident, L.V. wrote a letter to her mother and told her she had been raped. Her mother took her to a physician, Dr. Scott Bergstedt for a physical examination. The examination revealed L.V.'s hymen was intact, but she had "areas of mild erythema and bruising of the lower labia on both sides, and this was as

3

well as the posterior fourchette." Dr. Bergstedt testified the events related to him by L.V. were compatible with his physical findings.

**LAW AND DISCUSSION**

*Sufficiency of Evidence*

The Defendant, White, was convicted by a jury of sexual battery, in violation of La.R.S. 14:43.1, which provides in relevant part:

> Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not attained fifteen years of age and is at least three years younger than the offender:
> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender. . .

Under the statute, the State must prove beyond a reasonable doubt White touched the anus or genitals of L.V. using a part of his body and L.V. was under fifteen years old. This court articulated the standard for reviewing a claim of insufficient evidence:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King,* 436 So.2d 559 (La. 1983); *State v. Duncan*, 420 So.2d 1105 (La. 1982); *State v. Moody*, 393 So.2d 1212 (La. 1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson,* 425 So.2d 1228 (La. 1983). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Touchet,* 03-10, p. 4 (La.App. 3 Cir. 6/4/03), 847 So.2d 746, 748.

To satisfy its burden of proof, the State produced the testimony of Dr. Scott Bergstedt, who performed the physical examination of L.V. Dr. Bergstedt testified

4

L.V. related the incident to him in the examination room. He noted his physical exam was consistent with L.V.'s statement regarding the details of the incident. Dr. Bergstedt testified L.V. had "areas of mild erythema and bruising of the lower labia on both sides and this as well as the posterior fourchette." White asserts the fact that L.V.'s hymen was intact contradicts a finding of sexual battery. However, Dr. Bergstedt noted the fact that the hymen was intact was not conclusive evidence that no sexual intercourse occurred. He related that "dry humping" could occur wherein there is actual penetration without going deep into the vagina and without the tearing of the hymen. Dr. Bergstedt testified this type of penetration is usually not very painful and does not result in bleeding. He testified that "dry humping" will typically cause erythema, bruising and redness, which is what he found when he examined L.V. Additionally, Dr. Bergstedt testified the bruising of the vaginal area heals in one to four weeks.

The State produced the testimony of Carolyn Hargrave, a licensed professional counselor for the Rape Crisis Outreach Center. Ms. Hargrave testified delayed reporting of rape is common in cases of child sexual abuse.

The State produced the testimony of the victim, L.V. L.V. related the incident at trial. She also testified she did not report the incident immediately for fear of getting in trouble. The testimony of the victim alone is sufficient to support the elements of sexual battery. *State v. Schexnaider*, 03-144, p. 9 (La.App. 3 Cir. 6/12/03), 852 So.2d 450, 457. However, in this case, the jury considered the testimony of all witnesses and made a credibility determination. The jury also concluded the medical evidence corroborated the testimony of the victim. Accordingly, we find the evidence sufficient to support the jury's verdict of sexual battery.

*Excessiveness of Sentence*

White contends the sentence imposed by the trial court is constitutionally excessive. Alternatively, White contends his trial counsel was ineffective in failing to file a motion to reconsider his sentence. Under La.Code Crim.P. art. 888.1, a defendant has thirty days following the imposition of sentence to make or file a motion to reconsider sentence. The failure to make or file a motion to reconsider sentence precludes a defendant from raising on appeal any objection to the sentence. *State v. Prudhomme*, 02-0511, p. 15 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, 1176, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324. In order to prove ineffective assistance of counsel, White must establish a reasonable probability but for his defense counsel's error, his sentence would have been different. *State v. Prudhomme*, 829 So.2d at 1177. We will examine the record to determine whether there exists a reasonable probability the trial court would have imposed a lesser sentence.

Under La.R.S. 14:43.1(C), a person convicted of sexual battery "shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years." In this case, White was sentenced to serve four years at hard labor. Prior to sentencing, the trial court articulated his reasons for imposition of the sentence:

> It's difficult to decide how much time to impose on you, Mr. White. Your– your violation is in the category as very, very egregious. Having a sexual relationship with a child is – extremely offensive to society. Moreover, you were in a position of confidence in that child. I remember the child's testimony how she thought about you, how she felt comfortable with you, that she went to get a ride home with you, ended up at your house. Whether or not she willingly went to your house – probably did, she had no reason to believe she was not in a safe situation. And – and she was attacked.

The trial judge stated he imposed a "mid-range sentence. That is not maximum sentence. And – and that's the – I consider a reasonably, lenient sentence. . ."

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 50. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p.4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied,* 03-0562 (La. 5/30/03), 845 So.2d 1061.

The trial court found significant the fact that the victim testified she trusted the Defendant, felt comfortable with him and felt she was in a safe environment when he brought her to his residence. Additionally, the Defendant was a twenty-seven year old married man and the victim was only fourteen at the time of the attack. Family members testified the victim was a introverted, inexperienced and awkward child who was just beginning to be comfortable in this group of friends. The Defendant robbed her of her innocence causing her to further withdraw into her own world.

A brief review of similar cases indicates the trial court's sentence of four years is not unreasonable or excessive. See *State v. Smith*, 34,325 (La.App. 2 Cir. 12/20/00), 775 So.2d 640 (first offender, sexual battery with fourteen year old, sentenced to five years hard labor); *State v. Hubb*, 97-304 (La.App. 5 Cir. 9/30/97), 700 So.2d 1103(first offender, sexual battery, sentenced to seven years hard labor); *State v. Toups*, 546 So.2d 549 (La.App. 1 Cir. 1989) (sexual battery of five year old, sentenced to eight years hard labor). Our review of the trial court's reasons for sentencing, and similar felony cases, lead us to conclude it is unlikely the trial court would have reduced the Defendant's sentence had his counsel made or filed a timely motion to reconsider sentence. Therefore, we find the Defendant has not shown a reasonable probability but for the defense counsel's error, his sentence would have

7

been different.  Accordingly, we find this assignment of error without merit.

**DECREE**

Based on the foregoing review of the evidence, we affirm the conviction and sentence of Charles Edward White.

**AFFIRMED.**