798 So.2d 234 (2001)
STATE of Louisiana
v.
Charles A. BADEAUX.
No. 01-KA-406.
Court of Appeal of Louisiana, Fifth Circuit.
September 25, 2001.
*236 Paul D. Connick, Jr., District Attorney, Churita H. Hansell, Terry M. Boudreaux, Frank A. Brindisi, Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
Frank Sloan, Covington, LA, Attorney for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and THOMAS F. DALEY.
THOMAS F. DALEY, Judge.

PROCEDURAL HISTORY
On December 28, 1994, the defendant, Charles Badeaux, was charged by Bill of Information in violation of LSA-R.S. 14:43.1, sexual battery, and 14:81, indecent behavior with a juvenile upon H.G. On May 1, 2000, a six-person jury unanimously found the defendant guilty as charged on both counts. On July 20, 2000, after reviewing the pre-sentence investigation report, the trial judge sentenced the defendant to ten years at hard labor for count one, sexual battery, and seven years at hard labor for count two, indecent behavior with a juvenile. Both of these sentences are the maximum allowed by law. The trial court imposed the sentences to run consecutively. Immediately thereafter, the defendant orally moved for an appeal, which the trial judge granted. The defendant then filed a written pro se Motion for Appeal on July 27, 2000. In this appeal, the defendant's sole Assignment of Error is that his sentences are excessive.
The defendant specifically alleges in his Assignment of Error that the sentence was excessive because he was a first time felony offender with psychiatric problems that must be treated with anti-psychotic medications. The defendant also argues that while the judge gave oral reasons for the sentence, he did not specify why the sentences were imposed consecutively.

FACTS
At trial, the victim, H.G., was fourteen years old. In October of 1994, the defendant, was forty-nine years old and H.G., eight years old. H.G. testified that in October of 1994, the defendant lived in her neighborhood, and that he frequently handed out candy to the neighborhood children. H.G. testified that on the afternoon of October 28, 1994, she went to the defendant's house for some candy. After she knocked on the defendant's door, he invited her in and shut the door behind her. The defendant left the room, and when he returned, he was wearing "ripped" underwear. According to H.G., the defendant's penis was visible through the tear in the underwear.
H.G. said that she and the defendant then went into the living room and "played a game of chest"... "on [the defendant's] chest." H.G. explained that she did not recall exactly what the game entailed, except that it involved the defendant lying on the living room floor wearing the torn underwear, but no shirt. H.G. related that the defendant showed her a number of pictures that day, including State's Exhibit 5 and 6, which were albums containing *237 photographs of the defendant in clothing, as well as photographs of the defendant with his genitals exposed.[1] She said the defendant also showed her State's Exhibit 7, which were photocopied pictures of nude and partially nude men and women. Further, she said the defendant showed her some magazines that had the word "play" on them.[2]
At some point during the afternoon, H.G. said that she and the defendant went into the bedroom where the defendant placed his hand inside the front of her pants and "put his finger in her vagina." Also, H.G. identified State's Exhibit 11 as a cassette tape that was recorded at the defendant's house that afternoon in which she sang, "I love you, I love you" at the defendant's request. This tape was played for the jury.
H.G. said that she did not recall how long she stayed at the defendant's house that day, but that at some point she left and went home. She recounted these events to her cousin, and the police were called.
Omalee Gordon of the Jefferson Parish Children's Advocacy Center interviewed H.G. in November of 1994. This interview was recorded on videotape, which was played for the jury during H.G.'s testimony. Ms. Gordon testified for the State and identified the video tape as State Exhibit 1. Deputy Susan McCartney of the Jefferson Parish Sheriff's Office also testified on behalf of the State. Her testimony consisted of identifying items seized from the defendant's residence on October 29, 1994 pursuant to a search warrant. These items included the magazines (State's Exhibit 10), the photocopied photographs of nude people (State's Exhibit 7), and the photo albums (State's Exhibits 5 and 6).
The defendant testified at trial. He claimed that some of H.G.'s family members had burglarized his house in 1989 and the instant charges were fabricated to retaliate against the defendant because he reported the burglary. He denied that he had ever improperly touched H.G. He also said that he had never shown her any photographs of nude people. The defendant acknowledged H.G. came to his house, but said that she did not record the cassette tape on his request, but on her own volition for a school friend. The defendant further stated that he was doing some research in 1994 for Masters and Johnson and that he took the photographs of himself in the photo albums for this research project.

ASSIGNMENT OF ERROR NUMBER ONE
The sentences imposed are excessive.
In this assignment, defendant contends that his maximum sentences are constitutionally excessive. The defendant further contends that the trial court improperly ordered the sentences to be served consecutively in violation of LSA-C.Cr.P. art. 883 because the trial court did not justify the need for imposing consecutive sentences. The State responds that the sentences are supported by the record.
It is noted that the defendant did not specifically object to the sentences as excessive. Rather, after sentencing, defense counsel stated that the defendant *238 "wishes to appeal the sentence that was just imposed." No written Motion for Reconsideration was filed. Nevertheless, this Court has reviewed a defendant's sentence for constitutional excessiveness even in the absence of a Motion to Reconsider Sentence. See, State v. Williams, 98-1146 (La.App. 5th Cir.6/1/99), 738 So.2d 640, 643-654, writ denied, XXXX-XXXX (La.1/7/00), 752 So.2d 176, and the cases cited therein.
The Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. "In reviewing a sentence for excessiveness, this court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice." State v. Davis, 449 So.2d 452 (La.1984); State v. Jackson, 597 So.2d 1188, 1189 (La.App. 5th Cir.1992).
The defendant received the maximum prison terms allowed by law on both convictions. LSA-R.S. 14:43.1 defines the offense of sexual battery and provides for its punishment in pertinent part as follows:
A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender;
* * *
C. Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, for not more than ten years.[3]
LSA-R.S. 14:81 defines the offense of indecent behavior with a juvenile and provides the punishment for that offense in pertinent part:
A. Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.[4]
* * *
C. Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
*239 The defendant argues that the sentences imposed by the trial court were excessive. We disagree.
The trial court should state for the record the considerations taken into account and the factual basis for imposing sentence. In the present case, the trial judge sentenced the defendant as follows:
All right, Mr. Badeaux, you've been found guilty by a jury of committing the crimes of sexual battery, and indecent behavior with juvenile, violations of Louisiana Revised Statute 14:43.1, and 14:81.
I have considered the sentencing guidelines, the nature of your offense, and the pre-sentence investigation report. All these things considered, this Court sentences you to serve ten years at hard labor in the Louisiana Department of Corrections for the crime of sexual battery, and seven years at hard labor in the Louisiana Department of Corrections for the crime of indecent behavior with a juvenile. Your sentences shall run consecutive.
This is due in part to the severity of the crime, the vulnerability of the child victim, and the use of your position as an adult neighbor in the commission of this offense, and the risk of safety posed to the public, as revealed in the pre-sentence investigation report.
The pre-sentence investigation report indicates that the victim complained of vaginal pain to the police officers, and was referred to Children's Hospital. The officers later learned that the examination revealed "a 1½ centimeter opening in the hymen" and irritation of the genital area. The report also indicates that, although this is the defendant's first felony offense, the defendant was accused of molestation charges involving his former stepdaughters in 1982. The report indicates that the defendant's brother said the defendant was "an exhibitionist, pedophile, and a manicdepressant."
Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged, and the worst type of offender. State v. McCorkle, 97-966 (La.App. 5th Cir.2/25/98), 708 So.2d 1212, 1218. However, the jurisprudence indicates that maximum, or nearly maximum terms of imprisonment may not be excessive when the defendant has exploited a position of trust to commit sexual battery or indecent behavior with a juvenile.
In State v. Hubb, 97-304 (La.App. 5th Cir.9/30/97), 700 So.2d 1103, this Court held that eight-year sentences were not constitutionally excessive for two defendants who had pled guilty to sexual battery and lived in the home with the 10 and 11-year-old female victims and their mother. The record reflected that both defendants had "french" kissed both of the children on several occasions, that one defendant had exposed his genitals to both children and forced one of the children to fondle him. The record reflected that the other defendant attempted to make one of the children fondle him, and showed the other child photographs of nude women. Id. at 1104-1105. This Court noted that one of the defendants had no criminal history and the other had only misdemeanor offenses. Nevertheless, under these factual circumstances, the sentences imposed were not an abuse of the trial judge's discretion. State v. Hubb, 700 So.2d at 1106.
Also, in State v. Penn, 633 So.2d 337 (La.App. 1st Cir.1993), the court held that the maximum terms of imprisonment for indecent behavior with a juvenile were not excessive. At the time of the offense, defendant was 40 years old and was the 12-year-old victim's teacher. Over a span *240 of several months, the defendant kissed and fondled the victim in the classroom and ultimately engaged in oral sex with the victim. The Penn court observed that the circumstances of the case distinguished it from the typical case of indecent behavior with a juvenile, since the defendant violated his position of trust as a teacher, and exploited that position to take advantage of the victim. Id. at 339-340.
Likewise, in State v. Morgan, 97-997 (La.App. 3rd Cir.2/4/98), 706 So.2d 1084, the court affirmed maximum terms of imprisonment for a defendant who pled guilty to two counts of sexual battery. These offenses arose out of the defendant's touching a 12-year-old girl's breasts and genitals while he supervised the child at his apartment. A similar incident occurred upon an 11-year-old child at defendant's apartment.
Finally, in State v. Frith, 30,555 (La. App. 2nd Cir.4/8/98), 711 So.2d 388, the court affirmed the maximum sentence for a defendant who molested "the seven-year-old son of a female acquaintance ... by inserting his finger in the child's anus as the child slept." Id. at 390. Even with the maximum term of imprisonment and the denial of good time eligibility under R.S. 15:537, the court held that the sentence was not excessive in light of the conduct in the case. Id. at 390 and 392.
We find that in light of the facts of this case, the sentences imposed were not excessive and do not shock our sense of justice. Defendant established a relationship of trust with H.G. by giving her candy, then abused that relationship by molesting a vulnerable girl. Further, although the trial judge imposed the maximum term of imprisonment on both offenses in this case, the judge did not impose the $5,000.00 fine that he could have imposed for LSA-R.S. 14:81. Further, the trial judge did not deny or place conditions on the defendant's eligibility for diminution of sentence for good behavior, as authorized by LSA-R.S. 15:537.[5]
The defendant also argues in support of his claim of excessiveness that the trial judge failed to take into account the fact that he had mental problems and was on medication at the time of the offense. The record reflects that defense counsel made that argument to the trial judge at sentencing, and the judge rejected it. The trial judge is afforded wide discretion in determining a sentence, and a reviewing court will not set aside a sentence for excessiveness if the record supports the sentence imposed. LSA-C.Cr.P. art. 881.4(D); State v. Daigle, 96-782 (La.App. 5th Cir.1/28/97), 688 So.2d 158, 159, writ denied, 97-0597 (La.9/5/97), 700 So.2d 506.
The defendant also contends that the trial judge improperly imposed consecutive sentences by failing to justify the need for consecutive sentences on offenses that arose out of the same course of conduct. This Court has recently held that "[t]he issue of the excessiveness of a consecutive sentence is not included in a bare constitutional review." State v. Christoff, 00-1823 (La.App. 5th Cir.5/30/01), 788 So.2d 660, 666. See also, State v. Hester, 99-426 (La.App. 5th Cir.9/28/99), 746 So.2d 95, 103, writ denied, 99-3217, (La.4/20/00), 760 So.2d 342.[6]
*241 LSA-C.Cr.P. art. 883 provides for concurrent sentences and consecutive sentences:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
According to the record, the events occurred on the same day as a part of a common scheme or plan by the defendant, and the instant offenses were all part of the same transaction. Therefore, there was a presumption in favor of concurrent sentences under the article. Although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive. State v. Johnson, 97-867 (La.App. 5th Cir.4/15/98), 711 So.2d 848, writ denied, 98-1293 (La.10/9/98), 726 So.2d 20. The trial court has the discretion to impose consecutive sentences justified by such factors as the multiplicity of acts, lack of remorse, and risks to the public. State v. Lewis, 430 So.2d 1286, 1290 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983).
Immediately after stating the sentences would be consecutive, the trial judge stated:
This is due in part to the severity of the crime, the vulnerability of the child victim, and the use of your position as an adult neighbor in the commission of this offense, and the risk of safety posed to the public, as revealed in the pre-sentence investigation report.
Based on the record and the reasons given by the trial judge, we find that the trial judge did not abuse his discretion by making the sentences consecutive.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
The record reflects that the trial court failed to completely advise defendant of the prescriptive period for filing post-conviction relief pursuant to LSA-C.Cr.P. art. 930.8 in that he failed to indicate when the period began to run. LSA-C.Cr.P. art. 930.8 provides that a defendant has two years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the prescriptive period at the time of sentencing. Therefore, we hereby order the district court to send written notice of the prescriptive period to the defendant within ten days of the rendering of this opinion, then to file written proof in the record that defendant received said notice.
Additionally, the record does not reflect that the trial judge provided written notification of the provisions of LSA-R.S. 15:542, which sets out registration requirements for sex offenders.[7] LSA-R.S. 15:543(A) requires the court to provide written notice of LSA-R.S. 15:542's requirements. We hereby order the trial court to inform defendant of the registration requirements of LSA-R.S. 15:542 by *242 sending appropriate written notice to the defendant within ten days of its opinion, and to file written proof in the record that defendant received such notice. See State v. Stevenson, 00-1296 (La.App. 5th Cir.1/30/01), 778 So.2d 1165, 1166-1167.
AFFIRMED AND REMANDED.
NOTES
[1] These photograph albums bear the labels, "MUSCLE MAN" and "MUSCLE MAN 2." See State's 5 and 6, respectively.
[2] The record reflects that the prosecutor showed H.G. a bag containing some magazines, but the prosecutor did not refer to the bag by exhibit number. H.G. said that she had seen some of those magazines. The record further reflects that State's Exhibit 10 is a bag containing "Playboy" and "Penthouse" magazines. This is the only bag of magazines introduced as an exhibit at trial.
[3] This is the version of this statute in October of 1994. Thereafter, the Legislature amended the statute to provide that sexual battery is punishable without benefit of parole, probation, or suspension of sentence. See 1995 La. Acts 946, § 2.
[4] This is the version of LSA-R.S. 14:81 in effect at the time of the offense in 1994. The Legislature subsequently amended the statute to delete "by anyone over the age of seventeen" following "commission" in the first sentence of subsection A. See 1997 La. Acts, 743 § 1.
[5] This provision was enacted by 1994 La. Acts 110, § 1, 3rd Ex.Sess., and effective August 27, 1994, prior to the commission of the instant offenses.
[6] The Hester court reviewed the defendant's argument "in the abundance of caution." In Christoff, a later case, this Court did not review the defendant's argument regarding his consecutive sentences.
[7] Both of the defendant's convictions are defined as "sex offenses," as provided by LSA-R.S. 15:542(E).