J^CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE

On February 25, 1997, the District Attorney for St. James Parish filed a bill of information charging the defendant, Terry Smith, with committing two counts of LSA-R.S. 14:89.1(A)(6), aggravated crime against nature, by engaging in unnatural carnal copulation with E.C., a child under the age of seventeen, when the defendant was at least three years older than the victim. On the same day, but in a separate bill of information, the St. James District Attorney charged the defendant with committing two counts of sexual battery upon E.C., when the victim had not yet attained the age of fifteen and was at least three years younger than the defendant. The bills of information alleged that the defendant committed the crimes of sexual battery and aggravated crime against nature between May 31, 1996 and January 3, 1997. During this time, the defendant was a thirty-three-year-old police officer and E.C. was a twelve-year-old girl. E.C. became pregnant and a paternity test established with a 99 percent certainty that the defendant was the father of the child.
The defendant originally pled not guilty to all of these charges at arraignment. However, on November 4, 1997, the defendant withdrew his former pleas of not guilty, executed a waiver of rights form, and pled guilty as charged to |sall counts. The trial judge advised the defendant of his constitutional rights, accepted the guilty plea and ordered a pre-sentence investigation to be conducted.
On February 2, 1998, the trial judge sentenced the defendant to eight years at hard labor without benefit of probation, *167 parole or suspension of sentence on each count of sexual battery to be served concurrently with each other. For the two counts of aggravated crime against nature, the defendant received sentences of twelve years at hard labor without benefit of probation, parole or suspension of sentence to be served concurrently with each other, but consecutively with the sexual battery sentences. After a hearing on the defendant’s application for post-conviction relief, the trial judge granted defendant’s request for an out-of-time appeal.

ASSIGNMENT OF ERROR NUMBER ONE

The defendant contends that he was incorrectly sentenced to an unusually harsh and excessive sentence. He argues that his aggregate sentence of twenty years at hard labor without benefit of probation, parole, or suspension of sentence is excessive because the trial judge imposed consecutive sentences. Specifically, the defendant asserts that he should have received concurrent sentences under LSA-C.Cr.P. art. 883 because all of the offenses were part of one continuous act. Further, defendant argues that the trial court did not provide sufficient justification for imposing consecutive sentences in his case.
First, we note that the record does not reflect that the defendant made or filed a motion to reconsider his sentence pursuant to LSA-C.Cr.P. art. 881.1. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied, 99-3217, (La.4/20/00), 760 So.2d 342. The defendant’s chief complaint in this assignment is that the trial judge did not | ¿provide justification for consecutive sentences that were presumed to be concurrent. This Court has recognized that “[t]he issue of the excessiveness of a consecutive sentence is not included in a bare constitutional review.” State v. Christoff, 00-1823 (La.App. 5 Cir. 5/30/01), 788 So.2d 660, 666; State v. Badeaux, 01-406 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, 240, writ denied, 01-2965 (La.10/14/02), 827 So.2d 414, 2002 La. LEXIS 3002; State v. Hester, supra.
However, this Court, in both Hester and Badeaux reviewed the defendant’s argument regarding his consecutive sentences even in the absence of a properly filed motion to reconsider sentence. Therefore, we will review defendant’s arguments regarding the alleged excessiveness of his consecutive sentences.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. In reviewing a sentence for exces-siveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Williams, 98-1146 (La.App. 5 Cir. 6/1/99), 738 So.2d 640, 655, writ denied, 99-1984 (La.1/7/00), 752 So.2d 176.
Three factors are considered in reviewing a trial court’s sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Watts, 99-311 (La.App 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145.
*168 The defendant pled guilty to two counts of sexual battery and two counts of aggravated crime against nature. For each sexual battery count, the defendant was exposed to a possible imprisonment, with or without hard labor, for not more than | sten years without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:43.1(C). For each count of aggravated crime against nature, defendant was subject to possible imprisonment of not less than three nor more than fifteen years without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:89.1(13).
Before sentencing, the trial judge provided extensive reasons for his decision. The trial judge noted that a pre-sentence investigation was ordered and the report had been filed into the record. The judge stated that he had read and considered two letters from the defendant, as well as letters in support of the defendant from his mother, his wife, his sister, two friends, and the defendant’s pastor. The judge further stated that he had considered a letter from the victim as well. Thereafter, the court stated as follows:
The Court believes there is an undue risk that during a period of suspended sentence of probation the defendant would commit another crime. He is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution and that a lesser sentence to be imposed herein than the sentence to be imposed herein would deprecate the seriousness of defendant’s offense.
The Court also noted the defendant’s multiple first offender status. In arriving at the sentence the Court considered all factors mentioned in Code of Criminal Procedure Article 894.1, in addition to positive (a)(1), (2), and (3) findings under Subparagraph (b). Particular mention should be made that: (1) the defendant’s conduct during the commission of the offense manifested deliberate cruelty to the victim. (2) The offender knew that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth. (4) The offender used his position and status to facilitate the commission of the offense. (6) The defendant used threats of actual — of an actual violence in commission of the offense. (8) The offense resulted in significant, permanent injury to the victim.
The trial judge then sentenced the defendant to eight years at hard labor without benefit of probation, parole or suspension of sentence on each count of sexual battery to be served concurrently with each other, and twelve years at hard labor without benefits for the two counts of aggravated crime against nature, to be 1 (¡served concurrently with each other, but consecutively with the sexual battery sentences.
While the defendant contends that the record does not indicate that he threatened the victim, the record reflects otherwise. According to the St. James Parish police report that is attached to the pre-sentence investigation report, E.C. began living with her uncle, the defendant, and his wife, in January of 1996, when E.C.’s mother was arrested and incarcerated. The police report reflects that E.C. told the officers that the defendant started “sexually abusing her by touching her breasts, having vaginal and anal intercourse with her.” According to the police report, E.C. told Child Protection that the defendant also put his mouth on her “private.” E.C. related that the defendant told her not to tell anyone about these incidents, or he would ensure that her mother never got out of jail.
The defendant also contends that the court failed to consider the defendant’s *169 service as a police officer as a mitigating factor. However, as the foregoing reflects, the defendant exploited his position as a police officer to continue sexually abusing E.C. It is noted E.C. had just turned twelve years old in January of 1996, four months before the abuse began in May of 1996.
The Probation and Parole officer who compiled the pre-sentence investigation report believed that the defendant’s status as a police officer made the offenses more egregious. The officer observed that the defendant-had taken an oath to uphold the law, but had violated the law by robbing E.C. of her innocence, inflicting a permanent emotional scar upon her, and leaving E.C. with a child that E.C. surrendered for adoption. As such, the officer recommended concurrent sentences between eight and ten years for the sexual battery counts. As for the counts of aggravated crime against nature, the officer recommended concurrent sentences between ten and twelve years to run consecutively with the sexual battery sentences.
|7The defendant’s sentences are in line with similarly situated offenders. In State v. Morgan, 97-997 (La.App. 3 Cir. 2/4/98), 706 So.2d 1084, the court held that two concurrent maximum terms of imprisonment were not excessive for a defendant who pled guilty to two counts of sexual battery. These offenses arose out of the defendant’s touching a twelve-year-old girl’s breasts and genitals while he supervised the child at his apartment. A similar incident occurred upon an eleven-year-old child at defendant’s'apartment.
In State v. Vanderhoff, 415 So.2d 190. (La.1982), the Louisiana Supreme Court held that a ten-year sentence for a defendant who committed aggravated crime against nature upon a neighbor’s nine-year-old daughter was not excessive. In that case, the thirty-one-year-old defendant coerced the child to “play house” with him by telling the child he would make her father pay for some damage she had done when jumping on defendant’s automobile. The defendant led the child into his bedroom and removed his clothes. While lying naked in bed, the defendant “ejaculated” into the child’s mouth. Id. at 192, 196.
The Louisiana Supreme Court has stated that the question presented when reviewing a defendant’s sentence is not “whether another sentence would have been more appropriate but whether the trial court abused its broad sentencing discretion.” State v. Jones, 99-2207 (La.1/29/01), 778 So.2d 1131, 1133. The record in this case reflects that -the defendant sexually abused E.C. over a period of several months until she ultimately became pregnant with his child. The offenses that defendant committed are crimes of violence. See LSA-R.S. 14:2(13)(i) and (cc). Under the circumstances, we do not find that the trial judge abused his sentencing discretion when imposing the length of defendant’s sentences.
Defendant further argues that the trial court incorrectly ordered the sentences for the two counts of aggravated crime against nature to run consecutively with the |ssentences for the two counts of sexual battery. LSA-C.Cr.P. art. 883 provides for concurrent and consecutive sentences as follows:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the *170 judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
Although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive. State v. Johnson, 97-867 (La.App. 5 Cir. 4/15/98), 711 So.2d 848, writ denied, 98-1293 (La.10/9/98), 726 So.2d 20. Referring to Article 883, the Louisiana Supreme Court stated that, “[ajlthough Louisiana law favors concurrent sentences for crimes committed as part of a single transaction, ... a trial judge retains discretion to impose consecutive penalties on the basis of other factors, including the offender’s past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community.” State v. Thomas, 98-1144 (La.10/9/98), 719 So.2d 49.
In this case, defendant’s convictions for aggravated crime against nature and sexual battery were alleged to have occurred within the same time frame. Thus, it appears there was a “presumption” of concurrent sentences under Article 883 for defendant’s convictions of sexual battery and aggravated crime against nature convictions. The trial judge, however, exercised the sentencing discretion afforded him by that article and imposed consecutive sentences on these offenses.
The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158, 1167; State v. Fairley, 02-168 (La.App. 5 Cir. 6/26/02), 822 So.2d 812, 815. We find that the trial judge did not abuse his Indiscretion by imposing consecutive sentences in this case. Therefore, we affirm the defendant’s sentence as imposed by the trial court.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). One matter is presented for review.
Defendant was sentenced on February 2, 1998 at which time the trial court advised him he had three years to seek post-conviction relief. The three-year time period was correct at the time defendant was sentenced. However, LSA-C.Cr.P. art. 930.8 was amended to shorten the prescriptive period to two years, effective August 15, 1999. This amendment has been held to be retroactive. State v. Boles, 99-662 (La.App. 5 Cir. 11/10/99), 750 So.2d 1059, 1062. In Boles, this Court determined that a defendant who was informed of the previous three-year prescriptive period for post-conviction relief should be informed of the new two-year prescriptive period. Therefore, we remand this case to the trial court and instruct the court to send written notice of the shortened prescriptive period to defendant within ten days of the rendering of this Court’s opinion, then to file written proof in the record that defendant received the notice.
In accordance with the above, we affirm the defendant’s sentence and remand the case to the trial court with instructions to correct the error patent as explained above.

SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.