## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-695


STATE OF LOUISIANA

VERSUS

PAUL S. HOLLAND


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 5887-06
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and Billy Howard
Ezell, Judges.

**SENTENCES AFFIRMED AS AMENDED
AND REMANDED WITH INSTRUCTIONS.**

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**1020 Ryan Street**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**Counsel for:**
       **State of Louisiana**

**Walter M. Sanchez**
**Lorenzi, Sanchez & Barnatt, LLP**
**518 Pujo Street**
**Lake Charles, Louisiana 70601**
**(337) 436-8401**
**Counsel for Defendant/Appellant:**
       **Paul S. Holland**

**SULLIVAN, Judge.**

In trial court Docket Number 5887-06, our Docket Number 07-695, Defendant, Paul S. Holland, was indicted for indecent behavior with a juvenile. The charge was later amended to sexual battery, a violation of La.R.S. 14:43.1, to which Defendant pled guilty. In trial court Docket Number 12247-06, our Docket Number 07-696, Defendant was indicted for six counts of sexual battery. He pled guilty to one of the six counts and the remaining counts were dismissed. Defendant was sentenced to four years at hard labor in each case, the sentences to run consecutively to one another and consecutively to the sentence Defendant had received and was then serving in Cameron Parish. Defendant filed a Motion to Reconsider Sentence, which the trial court denied without reasons. He is now before this court on appeal, asserting that the sentences imposed by the trial court are cruel, unusual, and excessive. For the following reasons, we amend, affirm as amended, and remand with instructions.

## FACTS

The following facts were taken from the factual basis set forth by the State at Defendant's guilty plea hearing. In trial court Docket Number 5887-06, the juvenile victim went camping with Defendant, and they shared a tent. The victim awoke to Defendant touching his penis. Defendant then placed the victim's hand on his penis and began to masturbate himself. After the victim removed his hand, Defendant continued to masturbate himself and then got on top of the victim and humped him until Defendant's sexual urges were satisfied. The victim felt threatened by the fact that a shotgun was next to Defendant's sleeping bag, as they were going hunting in the morning, and he felt that he was unable to stop Defendant.

1

In trial court Docket Number 12247-06, the juvenile victim spent the night at Defendant's home while he was helping Defendant remodel and paint his home. The victim knew Defendant from church and, along with his family, was friends of Defendant. The victim awoke to Defendant pulling the victim's pants down to his knees, touching his penis and masturbating him.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. A review of the record herein reveals that the minutes of sentencing are in need of correction.

The court minutes fail to reflect that the trial court imposed the sentences without benefit of parole as provided by La.R.S. 14:43.1. Therefore, the trial court is ordered to correct the minutes to reflect that the sentences are without the benefit of parole.

In addition, although the trial court advised Defendant that his sentences were not eligible for diminution, the minutes fail to reflect this fact. Consequently, we amend Defendant's sentences to specifically reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537, and the trial court is instructed to note the amendment in the court minutes.

## ASSIGNMENT OF ERROR

Defendant argues that the sentences imposed by the trial court were cruel, unusual, and excessive. Defendant sums up his argument as follows:

> Given the interrelated nature of the offenses of conviction in these proceedings and those in Cameron Parish; the concurrence in the sentencing recommendation by both District Attorneys' Offices and the families of all victims; the substantial time to be served by Mr. Holland as part of the recommendation submitted; his lack of prior criminal history and the overwhelming number of letters submitted to the court

relating both his positive attributes and impact on his community, the original sentence imposed in these proceedings is excessive.

At the start of Defendant's guilty plea hearing, the trial court was told that the parties had agreed to a joint sentencing recommendation. The trial court then informed Defendant that the recommendation would not be binding on the court, and that the court could impose any of the penalties listed in the sexual battery statute. Following the State's recitation of the factual bases of the offenses, the trial court was presented with the joint sentencing recommendation wherein the State and Defendant agreed to a recommended sentence of five years at hard labor in Docket Number 5887-06 and ten years at hard labor in Docket Number 12247-06, for a total of fifteen years, to run concurrently with the twenty-two year sentence he had already received in Cameron Parish. The joint sentencing recommendation had been approved by the District Attorney's Offices of both Calcasieu and Cameron Parishes, as well as by the families of the boys involved in the charges.

Following the acceptance of Defendant's guilty pleas, the mother of one of the victims testified as to the anguish the victims and their families were experiencing, stating, "So, I'm asking you today to have mercy on them [the victims], not on him, and when you do sentence him make it according to the law, not because of the recommendation, even though we agree to it, because we don't want our children to face him again and go through a trial." The trial court noted that although the victim's families had initially agreed with the recommendation, it appeared that they no longer felt that the sentence was appropriate. At the conclusion of the hearing, the trial court stated that it would review the matter in greater detail before deciding whether to accept the sentencing recommendation. Formal sentencing was set for hearing a little over one month later.

3

## STANDARD OF REVIEW

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

## ANALYSIS

Defendant pled guilty to two counts of sexual battery, a violation of La.R.S. 14:43.1, which at the time of the offenses, provided for imprisonment not to exceed ten years. The four-year sentence imposed on Defendant on each count of sexual battery was less than one half of the possible sentence Defendant could have received. Defendant also derived significant benefit from his plea agreement. In trial court Docket Number 12247-06, Defendant was originally charged with six counts of sexual battery, but as part of his plea agreement, five of the counts were dismissed.

We have reviewed the record in its entirety and we conclude that the trial court paid significant attention to the mitigating and aggravating factors herein, and that Defendant's sentences are not grossly disproportionate to the severity of the crimes.

4

Defendant did not raise any mitigating factors in his Motion to Reconsider Sentence that were not considered by the trial court in fashioning Defendant's sentences. Accordingly, Defendant's argument in this regard is without merit.

Defendant argues that because the two instant convictions involve the same victims as in the Cameron Parish proceedings and because the offenses took place contemporaneously in both parishes, the sentences imposed herein should run concurrently with his Cameron Parish sentences as was agreed to in the joint sentencing recommendation.

Although the identity of the victims in Cameron Parish is not clearly reflected in the record, the State does not deny that the instant offenses involved the same victims for which Defendant was sentenced in Cameron Parish. Instead, the State counters that because Defendant's convictions in both parishes are not based on the same act or transaction or a common scheme or plan as required by La.Code Crim.P. art. 833, Defendant's claim that he should have received concurrent sentences is misplaced.

In *State v. Thibodeaux*, 05-1187, pp. 8-9 (La.App. 3 Cir. 3/1/06), 924 So.2d 1205, 1211 (citations omitted), *writ denied*, 06-700 (La. 10/6/06), 938 So.2d 65, this court reviewed the factors which could justify the imposition of consecutive sentences:

> Imposition of consecutive sentences requires particular justification. "[T]he trial court must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. art. 894.1."
>
> Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, . . . the potential for the defendant's

5

rehabilitation, and whether the defendant has received a benefit from a plea bargain.

The discretion afforded a trial court in sentencing a defendant cannot be limited by a joint sentencing recommendation. *State v. Higginbotham*, 03-49 (La.App. 3 Cir. 4/30/03), 843 So.2d 1230. At his guilty plea hearing, Defendant acknowledged this fact; nonetheless, he went forward with his guilty pleas. Given the unique circumstances involved in this case, the trial court chose to reject the joint sentencing recommendation. In sentencing Defendant, the trial court touched on several of the factors set forth in *Thibodeaux*, i.e., the gravity or dangerousness of the offense, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for the defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain. Moreover, it was within the trial court's discretion to require that Defendant's sentences run consecutive to the Cameron Parish sentences because the offenses were not based on the same act or transaction. We conclude that the trial court demonstrated particular justification for ordering that Defendant's sentences run consecutively to the Cameron Parish sentences, and thus, its doing so was not an abuse of discretion.

Defendant maintains that the trial court made a substantial factual error in finding that he used threats in the commission of the offense because he did not possess a weapon at any point in any of the offenses for which he was sentenced. Defendant asserts that this fact was acknowledged by the trial court when it found that the sentencing enhancements under La.Code Crim.P. art. 893.3 were not applicable. Further, Defendant argues that the presence of weapons in the camp at the time of the offense was consistent with the parties' intent to hunt the next morning and that there was no evidence that Defendant physically possessed, gestured toward,

or in any manner implied that he would use a weapon during the commission of the offense.

As noted by the State, Defendant's motion to reconsider sentence did not list as a specific ground the trial court's alleged error in finding that he used threats in the commission of the offense. Accordingly, Defendant is precluded from urging this argument for the first time on appeal. La.Code Crim.P. art. 881.1(E); *State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01), 786 So.2d 862.

## CONCLUSION

Defendant's sentences are affirmed; however, the sentences are amended to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537. This matter is remanded and the trial court is instructed to note the amendment in the court minutes. Further, the trial court is ordered to correct the court minutes to reflect that the sentences are to be served without the benefit of parole.

**SENTENCES AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.**

7