STATE OF LOUISIANA
v.
R.T.
No. 08-1054.
Court of Appeals of Louisiana, Third Circuit.
February 4, 2009.
Not Designated for Publication
JOHN F. DeROSIER, District Attorney, CARLA S. SIGLER, Assistant District Attorney, Counsel for: State of Louisiana
MARK O. FOSTER, Counsel for Defendant/Appellant: R.T.
Court composed of AMY, SULLIVAN, and GREMILLION, Judges.
SULLIVAN, Judge.
Defendant appeals his sentence for sexual battery, asserting that it is excessive. We affirm.

Facts
On January 9, 2006, R.T.[1] was charged by bill of information with sexual battery, a violation of La.R.S. 14:43.1, and two counts of indecent behavior with a juvenile, violations of La.R.S. 14:81. He initially pled not guilty but later entered a plea of guilty to one count of sexual battery in accordance with North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160 (1970). The remaining charges were dismissed.
Louisiana Revised Statutes 14:43.1 provides in pertinent part:
A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
When R.T. pled guilty, the facts on which the charge of sexual battery was based were stated as: Between January 1, 2003 and December 31, 2003, R.T. intentionally touched the genitals of R.M. with his hand and fingers without her consent. At that time, R.M. had not yet reached the age of fifteen and was at least three years younger than Defendant, who was her step-father.
Defendant was sentenced to serve eight years in the custody of the Louisiana Department of Corrections without benefit of probation or suspension of sentence. He filed a Motion to Reconsider Sentence, which was denied. He then filed this appeal. In his only assignment of error, he asserts that his sentence is excessive.

Excessive Sentence
Defendant contends that his eight-year sentence is cruel, unusual, and excessive.
The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. "` [T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" State v. Dorthey, 623 So.2d 1276, 1280 (La.1993) (quoting State v. Sepulvado, 367 So.2d 762, 764 (La.1979)). Nevertheless, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. State v. Pyke, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. "Maximum sentences are reserved for the most serious violations and the worst offenders." State v. Farhood, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
State v. Davenport, 07-254, pp. 3-4 (La.App. 3 Cir. 10/3/07), 967 So.2d 563, 565.
In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, we have held:
[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. State v. Smith, 99-0606 (La. 7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." State v. Batiste, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." State v. Cook, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.
State v. Smith, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, writ denied, 03-562 (La. 5/30/03), 845 So.2d 1061.
Defendant asserts that his sentence in this case is a near maximum sentence and that neither the record nor the jurisprudence supports such a sentence. At the time of the offense, a person convicted of sexual battery could have been sentenced to a term of imprisonment from zero to ten years with or without hard labor and without benefit of probation, parole, or suspension of sentence. La.R.S. 14:43.1(C).
Defendant cites a number of cases in support of his claim that his sentence is excessive. First, he cites State v. Touchet, 06-281 (La.App. 3 Cir. 5/31/06), 931 So.2d 1264, and claims that this court affirmed a maximum sentence for sexual battery for a defendant who beat and terrorized a child for two weeks before she was able to escape. Contrary to Defendant's claim, the victim in Touchet was an adult, not a child. See State v. Touchet, 04-1027 (La.App. 3 Cir. 3/9/05), 897 So.2d 900. Defendant next cites State v. Douglas, 39,036 (La.App. 2 Cir. 10/29/04), 888 So.2d 982, writ denied, 04-3146 (La. 4/1/05), 897 So.2d 601, in which a maximum sentence was affirmed for a defendant who broke into a home, committed a sexual battery in front of a terrified child, and repeatedly stabbed the victim. Defendant failed to include the fact that the defendant was also found guilty of attempted second degree murder and aggravated burglary arising from the same course of events. Lastly, Defendant cites State v. Smith, 02-451, 02-1001 (La.App. 5 Cir. 1/14/03), 839 So.2d 165, in which the appellate court affirmed two eight-year sentences for sexual battery where the defendant sexually abused the twelve-year-old victim over several months until she ultimately became pregnant with his child. The court noted that the defendant exploited his position as a police officer to continue abusing the victim and that the sentences were in line with similarly situated offenders.
Defendant urges that his sentence should have been less because he did not threaten or use violence against his victim and he did not use a weapon or physically injure her. He also asserts that although he was previously convicted of sexual battery, it was twenty years ago and he served his sentence and successfully completed his probation. Defendant further asserts that his strong denial of the offenses should be considered as a mitigating factor and contends that the victim's claims were the product of a spiteful and bitter divorce.
Defendant admits that if the allegations against him are true, he violated a position of trust. However, he urges that a review of similar cases involving stepparents and other persons breaching a position of trust to commit sexual battery resulted in sentences that are considerably lower than his, and he references several cases which he contends support his claim that his sentence is excessive. See State v. Cotton, 42,509 (La.App. 2 Cir. 9/19/07), 965 So.2d 1016, writ denied, 07-2070 (La. 3/7/08), 977 So.2d 898 (a five-year sentence for a defendant who molested a stepgranddaughter was affirmed); State v. Holland, 07-695 (La.App. 3 Cir. 12/5/07), 970 So.2d 1263, writ denied, 08-48 (La. 5/30/08), 983 So.2d 896, and State v. White, 03-1535 (La.App. 3 Cir. 4/28/04), 872 So.2d 588 (sentences of four years for sexual battery were affirmed); and State v. Greer, 572 So.2d 1166 (La.App. 1 Cir. 1990) (a six-year sentence for sexual battery for a defendant with a prior history of molesting children was affirmed).
Defendant further asserts that the trial court disregarded the mitigating factors set forth in La.Code Crim.P. art. 894.1 and failed to show that he was the most egregious and blameworthy offender deserving the near-maximum sentence. However, he did not assert that claim in his motion to reconsider sentence; therefore, he cannot assert that claim now. See State v. Curtis, 08-99 (La.App. 3 Cir. 6/5/08), 987 So.2d 294.
There are several similar cases in which the defendants' excessive sentence claims for sexual battery convictions were rejected. In State v. Badeaux, 01-406 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, writ denied, 01-2965 (La. 10/14/02), 827 So.2d 414, the defendant exposed himself to the victim, showed her nude photographs of himself, showed her photographs of nude and partially nude men and women, and placed his hand into her pants and inserted his finger into her vagina. The defendant's maximum consecutive sentences for sexual battery and indecent behavior with a juvenile were affirmed. The appellate court noted that the trial court's reliance on several factors, including the severity of the crime, the vulnerability of the child victim who was eight, and the use of the defendant's position as an adult neighbor to commit the offense. The court rejected the defendant's argument that his status as a first felony offender with a history of mental illness should mitigate against the maximum sentences.
In State v. Hubb, 97-304 (La.App. 5 Cir. 9/30/97), 700 So.2d 1103, the defendant, a first felony offender, pled guilty to sexual battery and was sentenced to seven years at hard labor. The defendant was originally charged with three counts of sexual battery and one count of indecent behavior with a juvenile. The victims indicated the defendant inserted his fingers into their vaginas, exposed his penis to them, forced one of the victims to masturbate him, and "french kissed" one of the victims and showed her pictures of nude women. The defendant lived in the victims' home at the time the offenses were committed. The defendant's sentence was found not to be excessive.
In State v. Taylor, 95-179 (La.App. 3 Cir. 10/4/95), 663 So.2d 336, the defendant and the victim took a bath together, and the defendant allegedly rubbed the victim's penis and buttocks and performed oral sex on the victim. The defendant, who was a first felony offender, received consecutive sentences of eight years for sexual battery and three years for attempted indecent behavior with a juvenile, and this court found that the sentences were not excessive. In State v. Toups, 546 So.2d 549 (La.App. 1 Cir. 1989), the defendant, also a first felony offender, was sentenced to eight years for the sexual battery of a five-year-old child who was the daughter of his girlfriend; his sentence was found not to be excessive.
Defendant was originally charged with sexual battery and two counts of indecent behavior with a juvenile. Pursuant to his plea agreement, the two counts of indecent behavior with a juvenile were dropped, which reduced his sentencing exposure from twenty-four years to ten years. See La.R.S. 14:43.1(C)(2); 14:81(H)(2). Defendant is a second felony offender, having committed molestation of a juvenile in 1988. In that matter, Defendant committed similar acts on a similar victim, a young girl who was eight to ten years old; he was sentenced to five years in prison with three years supervised probation thereafter.
The trial court carefully considered the evidence in this matter. Defendant, as R.M.'s step-father, used his position of trust to prey on her. It is clear from the trial court's observations at the sentencing hearing that he believed R.M.'s accounts of Defendant's behavior with her, as well as her younger sister's accounts of Defendant's behavior with her in statements made during the investigation of this matter. The trial court was very impressed with the effect Defendant's actions had on R.M. Importantly, the trial court noted the similarity between this matter and Defendant's prior felony and the fact that Defendant had begun engaging in inappropriate behavior with and in the presence of R.M.'s younger sister, which indicated he would begin engaging in similar activity with her as well.
In light of these facts, we cannot say that the trial court abused its broad sentencing discretion and find no merit in Defendant's assignment of error.

Disposition
Defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] The initials of the defendant and the victim are being used in accordance with La.R.S. 46:1844(W).