STATE OF LOUISIANA

VERSUS

NICHOLAS JOSEPH WILLIAMS

NO. 24-KA-169

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 22-4470, DIVISION "M"
HONORABLE SHAYNA BEEVERS MORVANT, JUDGE PRESIDING

December 18, 2024

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Timothy S. Marcel

**CONVICTION AND SENTENCE AFFIRMED**
    **JJM**
    **SJW**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
NICHOLAS WILLIAMS
    Sherry A. Watters

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Monique D. Nolan
    Matthew Whitworth
    Carolyn Chkautovich

**MOLAISON, J.**

The defendant/appellant appeals his sentence following a conviction for one count of being a felon in possession of a firearm, a violation of La. R.S. 14:95.1. We affirm the sentence and conviction for the following reasons.

**FACTS AND PROCEDURAL HISTORY**

The underlying facts of the case are not in dispute. The State established at trial that the defendant, Nicholas Williams, was unresponsive in his vehicle after a single car accident within Jefferson Parish on February 26, 2022. After emergency personnel administered Narcan to Mr. Williams and removed him from his vehicle, police located a 9mm handgun on the floorboard. The gun's extended magazine contained fourteen rounds of ammunition, and a spent bullet casing was "jammed" in the gun as well. Officers also observed a bag of narcotics in the vehicle at that time. After running a criminal history search, police determined that Mr. Williams had outstanding traffic warrants and prior felony convictions that made it illegal for him to possess a firearm. The police then arrested Mr. Williams.

On September 13, 2022, the Jefferson Parish District Attorney's Office charged Mr. Williams in a bill of information with one count of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1, based upon Mr. Williams' two prior convictions for possession of heroin. A sanity commission found Mr. Williams competent to stand trial and competent at the time of the alleged offense. A jury trial commenced on January 22, 2024, and concluded the following day with a unanimous verdict finding Mr. Williams guilty as charged. The trial court denied Mr. Williams' motions for a new trial and post-verdict judgment of acquittal. On February 6, 2024, the trial court sentenced Mr. Williams to 20 years at hard labor to be served without benefits. While he objected at the time of sentencing, Mr. Williams did not file a motion to reconsider sentence. This timely appeal follows.

## ASSIGNMENT OF ERROR

The district court erred in imposing an unconstitutionally excessive, maximum sentence under the circumstances of this offense and this offender.

## LAW AND ANALYSIS

As correctly indicated by Mr. Williams in his appellate brief, trial counsel did not file a motion to reconsider sentence following resentencing. Pursuant to La C.Cr.P. art. 881.1(E):

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

The failure to file a written motion to reconsider sentence, or to state specific grounds for the motion, limits a defendant to a bare review of the sentence for constitutional excessiveness. *State v. Christoff*, 00-1823 (La. App. 5 Cir. 5/30/01), 788 So.2d 660, 666.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, courts can review it for constitutional excessiveness. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So.2d 1, 4. A sentence is excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. *Id*. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *State v. Lawson*, 04-334 (La. App. 5 Cir. 9/28/04), 885 So.2d 618, 622. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. *State v. Pearson*, 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656. We consider three factors in reviewing a trial court's sentencing discretion: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed

for similar crimes by the same court and other courts. *State v. Allen*, 03-1205 (La. App. 5 Cir. 2/23/04), 868 So.2d 877, 880. However, there is no requirement that the trial court gives specific matters any particular weight at sentencing. *State v. Tracy*, 02-227 (La. App. 5 Cir. 10/29/02), 831 So.2d 503, 516, *writ denied*, 02-2900 (La. 4/4/03), 840 So.2d 1213.

Generally, courts reserve maximum sentences for cases involving the most serious violations of the offense charged and the worst type of offender. *State v. Badeaux*, 01-406 (La. App. 5 Cir. 9/25/01), 798 So.2d 234, 239, *writ denied*, 01-2965 (La. 10/14/02), 827 So.2d 414.

At the time of the offense, La. R.S. 14:95.1(B) provided:

> B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than five nor more than twenty years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars. Notwithstanding the provisions of R.S. 14:27, whoever is found guilty of attempting to violate the provisions of this Section shall be imprisoned at hard labor for not more than seven and one-half years and fined not less than five hundred dollars nor more than two thousand five hundred dollars.

The record indicates that the defendant was referred as a candidate for participation in the 24th Judicial District Reentry Court Program. However, the program found him unsuitable after the defendant denied in a phone call that he had a scheduled assessment and hung up on the court representative. At the time of sentencing, the trial judge observed that the defendant was offered a 15-year sentence before trial as part of a plea deal. The judge also noted, however, that her opinion of that sentence changed after seeing the defendant's gun and extended magazine, leading her to conclude that the crime was "substantially more egregious" than she had previously thought.

This Court has previously considered maximum sentences imposed on defendants convicted of La. R.S. 14:95.1, who also have a prior drug conviction as

the underlying offense. In *State v. Warmack*, 07-311 (La. App. 5 Cir. 11/27/07), 973 So.2d 104, we upheld the prior maximum 15-year sentence for a defendant's possession of a firearm by a felon conviction. In that case, the defendant had three prior convictions for various drug offenses, and the gun he possessed was fully loaded. Similarly, in *State v. Caffrey*, 08-717 (La. App. 5 Cir. 5/12/09), 15 So.3d 198, *writ denied*, 09-1305 (La. 2/5/10), 27 So.3d 297, we upheld the maximum sentence for a violation of La. R.S. 14:95.1 when the defendant had one prior drug conviction and possessed a loaded firearm at the time of his arrest, under circumstances where his actions presented a danger to the public. In *State v. Charles*, 20-498 (La. App. 3 Cir. 5/5/21), 318 So.3d 356, the Third Circuit upheld a 20-year sentence for a defendant convicted of La. R.S. 14:95.1. In that case, the trial court had evidence before it of the defendant's prior mental illness, but also took into account the defendant's prior convictions and apparent intoxication at the time of his arrest.

In this case, at the time of his arrest, the defendant had shown great disregard for public safety by choosing to drive severely impaired, to the point of an overdose. The firearm in the defendant's possession, which contained an extended magazine clip and was fired at least once, similarly posed a threat to public safety. We note that the defendant disqualified himself from the opportunity for consideration as a candidate for the court's reentry program. After a review of the record and sentences for similar convictions, we cannot say that the defendant's sentence is constitutionally excessive or otherwise shocks our sense of justice.

**ERRORS PATENT DISCUSSION**

This Court routinely reviews an appellate record for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975);

and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990), regardless of whether a defendant requests an errors patent review. Upon review, we note that the transcript does not reflect that the trial court advised defendant of the provisions of La. C.Cr.P. art. 930.8. If a trial court fails to advise, or provides an incomplete advisal pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief in its opinion. *State v. Becnel*, 18-549 (La. App. 5 Cir. 2/6/19), 265 So.3d 1017, 1022. Accordingly, the defendant is hereby informed that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

**DECREE**

We affirm the defendant's conviction and sentence for the reasons assigned. The defendant is further advised that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

**CONVICTION AND SENTENCE AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 18, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 24-KA-169

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE SHAYNA BEEVERS MORVANT (DISTRICT JUDGE)
SHERRY A. WATTERS (APPELLANT)       MONIQUE D. NOLAN (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
MATTHEW WHITWORTH (APPELLEE)
CAROLYN CHKAUTOVICH (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053